PEOPLE v HOLLAND

1. CONSTITUTIONAL LAW—JUDICIAL RESTRAINT.

Courts will not invalidate a statute on constitutional grounds if it is not necessary to reach that issue in disposing of the case.

2. CRIMINAL LAW—GROSS INDECENCY.

Defendant's permitting a young girl willingly to have her hand on his exposed penis in a car parked in a dark area of a private parking lot does not constitute an act of "gross indecency" within the meaning of the criminal statute prohibiting acts of gross indecency (MCLA 750.338b).

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 April 4, 1973, at Detroit. (Docket No. 14600.) Decided August 28, 1973.

Francis E. Holland was convicted of committing an act of gross indecency with a female person. Defendant appeals. Reversed and defendant discharged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Kenneth J. Morris,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law §§ 137 *et seq.;* 172–176

[2] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 17, 18

Criminal offense predicated upon indecent exposure, 94 ALR2d 1353.

Before: V. J. BRENNAN, P. J., and DANHOF and BASHARA, JJ.

V. J. BRENNAN, P. J. Defendant was convicted of committing an act of gross indecency with a female person (MCLA 750.338b; MSA 28.570[2]) by a jury in the Wayne County Circuit Court. The testimony at trial revealed that on the evening of January 19, 1972, two members of the Dearborn Heights Police Department observed defendant's car near a store entrance in a private parking lot. A few moments later, the officers again passed the store; at that time they noted that defendant's car had been moved to a darker area of the parking lot. The officers then placed the vehicle under observation for approximately 15 minutes, and noted that the motor was running and the lights were out.

Having their curiosity aroused, and their suspicions raised, the officers approached the car. After turning on their flashlights, they observed the defendant; they also observed the fact that his trousers were opened. Defendant's companion, a girl of chronologically young years, but of questionable naivete, had her hand on defendant's penis.

Defendant was arrested and brought to trial. The only significant disparity between the testimony of the defendant and that of his companion was whether her hand made its way to defendant's genitals of her own free will, or whether the defendant placed her hand there. There is absolutely no question that her participation was quite voluntary.

Defendant's first argument on appeal consists of a challenge to the constitutionality of the statute under which he was convicted. That statute provides, in pertinent part, as follows:

"Any male person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a female person shall be guilty of a felony, punishable as provided in this section. Any female person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a male person shall be guilty of a felony punishable as provided in this section. Any person who procures or attempts to procure the commission of any act of gross indecency by and between any male person and any female person shall be guilty of a felony punishable as provided in this section. Any person convicted of a felony as provided in this section shall be punished by imprisonment in the state prison for not more than 5 years, or by a fine of not more than $2,500.00 * * * ." MCLA 750.338b; MSA 28.570(2).[1]

Defendant phrases his challenge by urging that the statute is unconstitutionally vague in that it does not have sufficient specificity to guide those who would abide by it, to advise those charged thereunder of the nature of the accusation, or to guide the courts in the trial of those charged with its violation.[2]

In the context of his "vagueness", defendant also asserts that the statute is void for "overbreadth". A statute may be void for overbreadth if, when fairly read, it prohibits or punishes conduct which is constitutionally protected. *Stromberg v California,* 283 US 359; 51 S Ct 532; 75 L Ed 1117 (1931); *Cox v Louisiana,* 379 US 536; 85 S Ct 453; 13 L Ed 2d 471 (1965). The statute before us prohibits an "act of gross indecency" between "any male person" and "a female person" "in public or in private". A fair construction of the statute reveals that it would apply to an act between a husband (a

---

[1] Companion statutes prohibit acts of gross indecency between two male persons (MCLA 750.338; MSA 28.570) and between two female persons (MCLA 750.338a; MSA 28.570[1]).

[2] For analyses of the question of statutory indefiniteness in general, *see* Comment, 53 Mich L Rev 264 (1954), and Note, 62 Harvard L Rev 77 (1948).

male person) and his wife (a female person) in the privacy of their bedroom. The United States Supreme Court has recognized a "right of privacy in marriage" which the state may not invade. *Griswold v Connecticut,* 381 US 479; 85 S Ct 1678; 14 L Ed 2d 510 (1965). At least one commentator on *Griswold* has said:

"It would seem reasonably clear that other laws attempting to prohibit certain kinds of sexual activity by married couples, such as so-called acts of 'perversion,' requiring a type of enforcement similar to that implicit in the Connecticut statute, would fall under the ban against invasion of privacy."

*Nine Justices in Search of a Doctrine,* Thomas I. Emerson, 64 Mich L Rev 219, 231 (1965).

However, in keeping with the oft-reiterated doctrine that courts will not invalidate a statute on constitutional grounds if it is not necessary to reach that issue, we turn to defendant's second argument. His argument is essentially that this private act which defendant is charged with committing does not, as a matter of law, constitute an act of "gross indecency". In *People v Danielac,* 38 Mich App 230; 195 NW2d 922 (1972), *appeal dismissed,* 389 Mich 545 (1973), this Court held that the act of intercourse between a male and a female did not constitute "gross indecency". On the authority of that case, had defendant and his companion in this instance been apprehended in the act of intercourse we would reverse. If an act of intercourse is not "gross indecency" we do not see how the action with which defendant is charged could possibly constitute a violation of the statute. We make no comment regarding whether the alleged facts might constitute a violation of some other statute.

Reversed and discharged.

All concurred.