## PEOPLE v HEYDENBERK

Docket No. 100749. Submitted March 9, 1988, at Lansing. Decided May 20, 1988. Leave to appeal denied, 431 Mich 886.

William R. Heydenberk was charged in the Ingham Circuit Court with committing an act of gross indecency. The act occurred in the common area of a public rest room located in a highway rest area. The trial court, Thomas L. Brown, J., granted defendant's motion to suppress all of the videotaped evidence of the sexual acts performed by defendant and all testimony related to defendant's acts. An order of dismissal was subsequently entered. The people appealed.

The Court of Appeals *held:*

Defendant's constitutional rights to privacy and to be free from unreasonable searches and seizures are not implicated under the facts here since an expectation of privacy in a place readily accessible and open to anyone needing to use the rest room is unreasonable. Even if defendant had a subjective expectation of privacy, such expectation is not one which society is prepared to recognize as reasonable.

Reversed and remanded.

SEARCHES AND SEIZURES — EXPECTATION OF PRIVACY.

A search or seizure must have infringed upon an interest of the defendant which the constitutional section concerning unreasonable searches and seizures is designed to protect before the defendant may attack the propriety of a search or seizure; the court, in making this determination, must decide whether the defendant had an actual, subjective expectation of privacy in the object of the search and seizure and whether that expectation is one that society is prepared to recognize as reasonable; the court should consider the totality of the circumstances in making such determination (Const 1963, art 1, § 11).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Searches and Seizures §§ 8 *et seq.,* 21.

See the Index to Annotations under Privacy; Search and Seizure; Toilets and Bathrooms.

*Caruso,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Susan L. LeDuc,* Assistant Prosecuting Attorney, for the people.

*Dood & Wilson* (by *Candace L. Wilson*), for defendant.

Before: WEAVER, P.J., and SHEPHERD and F. D. BROUILLETTE,* JJ.

PER CURIAM. Defendant was charged with committing an act of gross indecency, MCL 750.338; MSA 28.570. The charge arose out of an act of fellatio between the defendant and another male occurring on March 8, 1986, at approximately 2:10 A.M. in the men's public rest room at the rest area commonly known as the Holt rest area on US Highway 127 near Holt, Michigan.

On March 20, 1987, shortly before trial, the Ingham Circuit Court granted defendant's motion to suppress videotaped evidence of the sexual acts performed by defendant which constituted the substance of the charge. The trial court suppressed all videotaped evidence and all testimony related to defendant's acts. The order being dispositive of all the evidence, the charge against the defendant was dismissed. The prosecutor appeals.

The case arose out of an investigation that began in February, 1986, as a result of complaints made by citizens concerning public homosexual behavior at the rest area.

On February 19, 1986, the Michigan State Police installed two cameras in the rest room. One camera was installed under the sink and had a field of vision limited to the area beneath the urinals and the stalls. The field of vision of the under-the-sink

---

* Circuit judge, sitting on the Court of Appeals by assignment.

camera did not include anyone standing at the urinals. Also excluded from the camera's field of vision was the area between the knees and shoulders of an adult male standing in any of the stalls or anything above mid-calf of an adult male seated in the stalls. A second camera was installed above the main entrance door with a field of vision including the common area of the rest room, such as a person who had just entered the rest room would have. The activity forming the basis of the charge against the defendant was observed and recorded through the camera located above the entrance door.

Observations made through the use of these two cameras resulted in a search warrant being obtained permitting the limited use of two additional cameras to view activities in the stalls. State Police detectives surveyed and recorded a number of sexual encounters between February 26 and March 8, 1986. On March 8, 1986, through the camera located over the entrance door, the officers observed defendant in acts of fellatio and masturbation with another male in the common area of the rest room, recorded the activities, and subsequently charged defendant with committing an act of gross indecency.

At the suppression hearing the judge viewed the videotape. Defendant took the stand and testified that he was the person in the video. He further testified that he did not think anyone was watching or recording his activities. Although he admitted that he did not feel that he had the right to commit any crime in the common area of the rest room, he did testify that he expected it to be absolutely private in the rest room. The trial court granted defendant's motion to suppress the videotape and testimonial evidence related to defendant's acts.

The key issue in this case is whether defendant's right to be free of an unreasonable search and seizure has been violated. US Const, Am IV; Const 1963, art 1, § 11. The modern test to determine the applicability of the Fourth Amendment right to privacy was announced in *Katz v United States,* 389 US 347, 351-352; 88 S Ct 507; 19 L Ed 2d 576 (1967), in which it was held:

> [T]he Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. . . . But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected.

In concurrence, Justice Harlan observed:

> [T]here is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as "reasonable." [389 US 361.]

The Michigan Supreme Court has held that the protection under the Michigan Constitution is equivalent to that of the Fourth Amendment. The Court adopted the "reasonable expectation of privacy" test. See *People v Smith,* 420 Mich 1, 27-28; 360 NW2d 841 (1984). In *Smith,* the Court held:

> [B]efore a defendant may attack the propriety of a search or seizure, that search or seizure must have infringed upon an interest of the defendant which art 1, § 11 was designed to protect. In making this determination, the court must decide whether the defendant had [1] an [actual, subjective] expectation of privacy in the object of the search and seizure and [2] whether that expecta-

tion is one that society is prepared to recognize as reasonable. The court should consider the totality of the circumstances. [*Id.* at 28.]

We have had recent occasion to consider this issue in a related context. See *People v Kalchik,* 160 Mich App 40; 407 NW2d 627 (1987). In *Kalchik,* defendant was observed in the toilet stall of a mall rest room by an overhead camera. Defendant was observed engaged in sexual acts with another male. We concluded that the two-pronged test under the Fourth Amendment had been met, i.e., defendant had an expectation of privacy and his expectation was reasonable. See *Kalchik,* 48-49. In part, the holding in that case was based on the fact that the camera viewed the stall from overhead. See *Kalchik,* 49. In his concurring opinion Judge SHEPHERD stated: "It is one thing for police to set up surveillance cameras in areas open to the general public; it is quite another to surreptitiously view innocent members of the general public using toilet facilities where these innocent citizens obviously had a more than reasonable expectation of privacy." *Kalchik,* 55.

In the instant case, defendant was engaged in activities readily observable by anyone entering the rest room. Those cases, including *Kalchik,* which have upheld the privacy interest of an individual inside a rest room stall do not control this case. Even if we concede that defendant had a subjective expectation of privacy we are unwilling to conclude that that expectation is one society is prepared to recognize as "reasonable." Defendant was engaged in sexual activities in a place readily accessible and open to anyone needing to use the rest room, including children. An expectation of privacy in such a setting is unreasonable. Therefore, defendant's constitutional rights are not here implicated. See *Smith,* 25.

We therefore reverse the order suppressing the videotaped evidence and the testimony of the police officers and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.