PEOPLE v EMMERICH

Docket No. 96167. Submitted October 19, 1988, at Lansing. Decided
    February 23, 1989. Leave to appeal applied for.

    Donald R. Emmerich was charged with gross indecency between
    males after defendant placed a hand in his pocket and rubbed
    the back of it against the groin area of an undercover police
    officer. The Lenawee Circuit Court, Kenneth B. Glaser, J.,
    denied defendant's motion to dismiss the charge. Defendant
    appealed by leave granted.

        The Court of Appeals *held:*

        An act of gross indecency is an oral or manual sexual act
    committed without consent or with a person under the age of
    consent or any ultimate sexual act committed in public. The
    statute regarding gross indecency between male persons does
    not apply to a fact situation involving a male defendant's
    touching of another male's genital area over the other male's
    clothing.

        Reversed and remanded.

1. CRIMINAL LAW — GROSS INDECENCY.

    An act of gross indecency is an oral or manual sexual act
    committed without consent or with a person under the age of
    consent or any ultimate sexual act committed in public.

2. CRIMINAL LAW — GROSS INDECENCY BETWEEN MALES.

    The statute regarding gross indecency between male persons does
    not apply to a fact situation involving a male defendant's
    touching of another male's genital area over the other male's
    clothing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Nathan T. Fairchild,* Prosecuting Attorney, and *Frank C. Riley,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Sodomy §§ 16 *et seq.*

See the Index to Annotations under Lewdness, Indecency, and
    Obscenity; Sodomy.

*David Pionkowsky,* for defendant.

Before: Michael J. Kelly, P.J., and MacKenzie and S. B. Miller,* JJ.

MacKenzie, J. Defendant appeals by leave granted from an order denying his motion to dismiss a charge of gross indecency between males, MCL 750.338; MSA 28.570. We reverse and remand for dismissal of the charge.

At approximately 2:10 P.M. on May 1, 1986, undercover police officer Cletus Smith and defendant struck up a conversation at a roadside park. The conversation did not include anything of a sexual nature. When Smith told defendant he was going to leave, defendant asked Smith if he knew of a good place to go. Smith shrugged and may have moved his head. He then got into his car and drove out of the park, with defendant following in his car. Smith drove approximately four miles down a state highway, turned on a dirt road and continued for another quarter mile, pulled into a church parking lot, and drove three hundred to four hundred yards down a lane in an adjoining cemetery.

Smith and defendant got out of their respective cars and began making small talk. According to Smith, defendant bumped his belly against Smith's belly. Defendant then rubbed the back of his pocketed hand against the officer's clothing in the groin area. Later, defendant placed a leg between the officer's legs and rubbed it back and forth. Finally, defendant again placed his pocketed hand on Smith's groin area, putting pressure on Smith's genitals. Defendant and Smith conversed throughout these acts, at one point questioning each other as to "what he liked."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant was initially charged with gross indecency, assault with intent to commit a felony, MCL 750.87; MSA 28.282, assault with intent to commit second-degree criminal sexual conduct, MCL 750.520g(2); MSA 28.788(7)(2), and fourth-degree criminal sexual conduct by use of force or coercion, MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). Following a preliminary examination, the district court dismissed all charges except the gross indecency charge. The circuit court subsequently denied defendant's motion to dismiss that charge.

On appeal, defendant contends that, as a matter of law, the facts of this case do not establish a violation of the statute prohibiting gross indecency between males. The statute provides:

> Any male person who, in public or in private, commits or is a party to the commission of or procures or attempts to procure the commission by any male person of any act of gross indecency with another male person shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years, or by a fine of not more than $2,500.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life. [MCL 750.338; MSA 28.570.]

I

As recently noted by a panel of this Court in *People v Myers,* 161 Mich App 215, 217; 409 NW2d 788 (1987), lv den 430 Mich 859 (1988), a conflict exists as to the standard to be applied in determining whether a defendant's conduct falls within the gross indecency statute. In *People v Dexter,* 6 Mich App 247, 253; 148 NW2d 915 (1967), a panel

of this Court concluded that the statute penalizes "conduct that is of such character that the common sense of society regards it as indecent and improper." In *People v Howell,* 396 Mich 16, 22-24; 238 NW2d 148 (1976), on the other hand, three of the six participating justices rejected the *Dexter* formulation. Instead, they construed the term "act of gross indecency" to mean "oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public." 396 Mich 24.

A number of panels of this Court have concluded that the *Dexter* "common sense of society" test remains viable after *Howell,* since the *Howell* standard was approved by only three justices. See, e.g., *People v William Clark,* 68 Mich App 48, 52-53; 241 NW2d 756 (1976), *People v Masten,* 96 Mich App 127, 132; 292 NW2d 171 (1980), rev'd on other grounds 414 Mich 16; 322 NW2d 547 (1982), and *People v Dauer,* 131 Mich App 839; 346 NW2d 599 (1984). "Viable" or not, however, *Dexter* is not, under principles of stare decisis, binding upon us; one panel of this Court is not bound to follow the opinion of another panel on any question of law. See *People v Waxman,* 41 Mich App 277, 280; 199 NW2d 884 (1972), rev'd on other grounds 388 Mich 774 (1972), and *Moorhouse v Ambassador Ins Co, Inc,* 147 Mich App 412, 417; 383 NW2d 219 (1985). In this instance, we reject the *Dexter* formulation and instead adopt the *Howell* plurality's construction of the term "act of gross indecency."

As noted in the commentary to Criminal Jury Instruction 20:7:01, which defines gross indecency under the *Howell* standard, the *Dexter* "common sense of society" test is an anachronism. It is derived from *People v Hicks,* 98 Mich 86; 56 NW 1102 (1893), a turn-of-the century case involving the offense of taking indecent liberties with a

child. The *Hicks* Court, quoting an 1846 Vermont indecent exposure case, stated:

> The offense is in taking indecent and improper liberties with the person of such child. Surely, the Legislature did not intend that the offense should not be regarded as committed unless the indecent liberties were taken with the private parts of the child. It certainly would be indecent for a man to place his hands upon certain other parts of the body of a female child, with intent to take liberties with her. "Indecent and improper liberties with the person of such child" means such liberties as the common sense of society would regard as indecent and improper. In this case, as in *State v Millard*, 18 Vt 577 [1846], it may be said that "no particular definition is given by the statute of what constitutes this crime. The indelicacy of the subject forbids it, and does not require of the court to state what particular conduct will constitute the offense. The common sense of the community, as well as the sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it." [98 Mich 90.]

In *People v Carey,* 217 Mich 601, 603; 187 NW 261 (1922), the Court found support for the *Hicks* rationale by citing to *People v Girardin,* 1 Mich 90 (1848), where it was noted that "[c]ourts will never allow its [sic] records to be polluted by bawdy and obscene matters." 1 Mich 91. In *Carey, supra,* the Court determined that an information alleging that the defendant committed "an act of gross indecency" provided a sufficiently specific description of the act charged because "[t]he gross indecency of the subject forbids" description. 217 Mich 603.

*Dexter* perpetuates this nineteenth century avoidance of "the indelicacies of the subject,"

*Hicks, supra,* and refusal to offer a definition of gross indecency in order to spare Victorian-era sensibilities. We think the time has come to lay to rest the attitude that "the gross indecency of the subject" of the crime of gross indecency, *Carey, supra,* forbids a more precise definition of the conduct proscribed by the statute. The *Howell* plurality's standard accomplishes that purpose.

Moreover, we agree with the *Howell* plurality that the imprecision of the *Dexter* test confers upon the trier of fact unguided discretion to determine whether a crime has been committed:

> While it no doubt would be the "common sense of society" to regard as "indecent and improper" the commission of an act of fellatio with a person under the age of consent or the forcible commission of such an act, there is no consensus regarding fellatio or other sexual acts between consenting adults in private. Some persons regard any ultimate sexual act other than intercourse between married persons for procreation as indecent and improper. However, a substantial segment of society believes it is neither indecent nor improper for consenting adults to engage in whatever sexual behavior they desire. Some would take that view only where the conduct is between persons of the opposite sex, while others would agree only if the persons were married.
>
> There being no "common sense of society" regarding sexual behavior between consenting adults in private, that test leaves the trier of fact "free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case". *Giaccio v Pennsylvania,* 382 US 399, 402-403; 86 S Ct 518; 15 L Ed 2d 447 (1966). [396 Mich 23-24.]

Finally, unlike the *Dexter* test, the *Howell* standard has the advantage of diffusing several potential constitutional challenges to this gross inde-

cency statute, or to other statutes prohibiting gross indecency between males and females. See MCL 750.338a; MSA 28.570(1) and MCL 750.338b; MSA 28.570(2). Under *Howell,* it need not be decided whether the Legislature may constitutionally proscribe sexual conduct in private between consenting adults, or to make distinctions regarding such conduct based on marital status or sexual orientation. See *Howell, supra,* p 24, n 10.

In this case, it is readily apparent that, under *Howell,* defendant's actions did not amount to gross indecency. Officer Smith was an adult who, by his conduct, consented to defendant's acts. Certainly no force or coercion was involved. Although defendant's acts occurred in a place accessible to the public, it cannot be seriously maintained that the act of touching the clothed groin area of another with a pocketed hand constitutes an "ultimate sexual act." Accordingly, applying the *Howell* plurality's standard, the circuit court erred in refusing to dismiss the gross indecency charge against defendant.

II

Even if we were to subscribe to the *Dexter* "common sense of society" definition of gross indecency, we would still conclude that on these facts defendant's conduct did not constitute a violation of the gross indecency statute. In *People v Myers, supra,* this Court, applying the *Dexter* test, held that the gross indecency between males statute does not apply where a male defendant touches another male's genital area over the other male's clothing. That is precisely the conduct sought to be prosecuted here. The people offer no cogent reason why *Myers* should not control this case and, assuming the validity of *Dexter,* we likewise find no reason.

Because of our disposition of this matter we need not address the other issues raised by defendant.

Reversed and remanded for dismissal.