PEOPLE v LYNCH

Docket No. 106903. Submitted March 21, 1989, at Lansing. Decided
    August 7, 1989.

  Mark D. Lynch was charged in the Ingham Circuit Court with
    two counts of gross indecency between males arising out of
    alleged sexual activities occurring at a mens' public restroom
    at a highway rest area. The trial court, Carolyn Stell, J.,
    granted defendant's motions to dismiss and to suppress evi-
    dence finding that the relevant statute was unconstitutionally
    vague and that the defendant had a reasonable expectation of
    privacy in the common area of the restroom. The prosecutor
    appealed.

    The Court of Appeals *held:*

    1. The term "act of gross indecency" contained in MCL
    750.338; MSA 28.570 prohibits oral and manual sexual acts
    committed without consent or with a person under the age of
    consent or any ultimate sexual act committed in public.

    2. The act here, mutual masturbation of exposed penises by
    two males, is an ultimate sex act.

    3. Defendant was on notice that performance of this act in
    public was prohibited and left him subject to prosecution under
    MCL 750.338; MSA 28.570.

    4. The trial court erred in finding that defendant had a
    reasonable expectation of privacy in the common area of the
    restroom. The videotapes of activities that took place in the
    common area of the restroom did not violate the constitutional
    right to privacy. The trial court's ruling on the motion to
    suppress was clearly erroneous and is reversed.

    Reversed.

1. CONSTITUTIONAL LAW — DUE PROCESS — STATUTES — VAGUENESS.
    A claim of vagueness will not require reversal when a statute

REFERENCES

Am Jur 2d, Constitutional Law §§ 601-604, 818; Criminal Law § 17;
    Lewdness, Indecency, and Obscenity §§ 1, 17, 18; Statutes § 346.
See the Index to Annotations under Certainty and Definiteness;
    Lewdness, Indecency, and Obscenity; Search and Seizure; Toilets
    and Bathrooms.

which is vague on its face has been construed by the court so that a person is forewarned of the conduct subject to prosecution; it is not necessary that the case law have defined or set forth every specific variation of an act which is prohibited; the question is whether the defendant was forewarned that his conduct was prohibited and that he was subject to prosecution under the statute.

2. CRIMINAL LAW — GROSS INDECENCY BETWEEN MALES.

The term "act of gross indecency" contained in the statute prohibiting gross indecency between males prohibits oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public (MCL 750.338; MSA 28.570).

3. CRIMINAL LAW — GROSS INDECENCY BETWEEN MALES — ULTIMATE SEXUAL ACTS.

The mutual masturbation of exposed penises in public by two males may be found to be an ultimate sexual act committed in public which is subject to prosecution under the statute proscribing gross indecency between male persons (MCL 750.338; MSA 28.570).

4. CONSTITUTIONAL LAW — SEARCHES AND SEIZURES — RIGHT TO PRIVACY.

In challenging a search or seizure on the ground of invasion of privacy, it is not sufficient in itself that the defendant have an actual or subjective expectation of privacy; the defendant's expectation of privacy must be one society is prepared to recognize as reasonable.

5. CONSTITUTIONAL LAW — SEARCHES AND SEIZURES — RIGHT TO PRIVACY — PUBLIC RESTROOMS.

There is no constitutionally protected expectation of privacy for activity which occurs in the common area of a public restroom readily accessible to anyone needing to use the facility.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Susan L. LeDuc,* Assistant Prosecuting Attorney, for the people.

*Paul E. Hamilton,* for defendant.

Before: MacKenzie, P.J., and Hood and Gribbs, JJ.

Hood, J. The prosecutor appeals as of right the trial court's dismissal of charges against defendant and its grant of defendant's motion to suppress. Defendant was charged with two counts of gross indecency between males, MCL 750.338; MSA 28.570, arising out of alleged sexual activities occurring at the mens' public restroom on US Highway 127 in Alaiedon Township, Ingham County, Michigan, commonly known as the Holt rest area. The two major issues on appeal are whether the gross indecency statute is unconstitutionally vague as applied and whether there was a reasonable expectation of privacy in the common area of the public restroom so that videotapes resulting from a surveillance of that area without a warrant could not be used to support a search warrant. We reverse.

The trial court found the challenged statute unconstitutionally vague because it did not provide defendant with fair notice of the conduct proscribed, either as written by the Legislature or as interpreted by the courts. We disagree.

A majority of our Supreme Court has already determined that the term "act of gross indecency" standing alone fails to give adequate notice of the conduct proscribed by the statute. *People v Howell*, 396 Mich 16, 21-22; 238 NW2d 148 (1976).[1] However, when a statute vague on its face has been construed by the court so that a person is forewarned of the conduct subject to prosecution,

[1] When this statute was reviewed by the Supreme Court, only three of the justices concurred as to section II of the opinion which sets forth a construction of the term "act of gross indecency." However, all the participating justices apparently agreed with section I of the decision where it was decided that the term standing on its own was unconstitutionally vague. *Howell, supra*, pp 21-22.

the claim of vagueness will not require reversal. *Id.; People v Hicks,* 149 Mich App 737, 741; 386 NW2d 657 (1986). It is not necessary that the case law have defined or set forth every specific variation of an act which is prohibited. The question is whether defendant was forewarned that his conduct was prohibited and that he was subject to prosecution under the gross indecency statute. *Howell, supra,* p 22; *People v Kalchik,* 160 Mich App 40, 46; 407 NW2d 627 (1987).

Looking to our case law, we are met by a conflict as to how the term gross indecency is to be defined. Having reviewed the cases, we are convinced that the better view is that set forth by the decision in *People v Howell, supra.* For the reasons set forth in *People v Emmerich,* 175 Mich App 283; 437 NW2d 30 (1989), we adopt the construction of the term "act of gross indecency" as prohibiting "oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public." *Howell, supra,* p 24.[2]

Applying the relevant part of this definition, the question in this case becomes whether an act of mutual masturbation is any "ultimate sexual act committed in public." There is no indication in *Howell* that "any ultimate sexual act" is limited to intercourse or to an act involving penetration. The act here was mutual masturbation of exposed

---

[2] In *People v Gunnett,* 158 Mich App 420; 404 NW2d 627 (1987), this Court considered whether the statute prohibiting gross indecency with a person of the opposite sex could apply to a husband and wife. The alleged act was an act of fellatio occurring in the visiting room of a state prison. At that time I indicated that the appropriate test was the "common sense of society" test set forth in *People v Dexter,* 6 Mich App 247; 148 NW2d 915 (1967). *Gunnett, supra,* p 424, n 1. *Gunnett* did not directly concern the *Howell-Dexter* conflict. Having considered the conflict in the context of this case, I have reconsidered my position and determined that the *Howell* test is the appropriate standard.

penises by two males. We do not believe that defendant can seriously maintain that this was not an "ultimate sex act" or that he was not on notice that performance of this act in public was prohibited and left him subject to prosecution under the statute proscribing gross indecency between male persons.[3] Compare *Emmerich, supra.*

Even if we were to subscribe to the alternative definition of gross indecency as set forth in *People v Dexter,* 6 Mich App 247, 253; 148 NW2d 915 (1967)—"conduct that is of such character that the common sense of society regards it as indecent and improper"—our decision would be the same.

Our decision in this case was clear given the nature of the act in question and the guidance provided by the *Howell* standard. However, in reviewing the case law and the variety of situations which other courts have faced, we are greatly troubled by the lack of direction and guidance that the Legislature has provided in gross indecency statutes. As stated in *Emmerich,* the time has come to stop perpetuating nineteenth century avoidance of an indelicate subject in order to spare Victorian-era sensibilities. The time has come to lay to rest the attitude that the "gross indecency" of the subject of the crime of gross indecency forbids a more precise definition of the conduct proscribed. *Emmerich, supra,* p 288. The Legislature took the statute proscribing "carnal

---

[3] Panels of this Court have disagreed on whether the touching or stroking of an exposed penis is an act of gross indecency *People v Holland,* 49 Mich App 76; 211 NW2d 224 (1973) (charge dismissed); *People v Trammell,* 171 Mich App 128; 429 NW2d 810 (1988) (conviction affirmed). *Trammell, supra,* p 134. However, *Trammell* follows the alternative definition of gross indecency found in *People v Dexter,* 6 Mich App 247; 148 NW2d 915 (1967). It is not clear that the touching in either *Holland* or *Trammell* would be prohibited under the *Howell* standard. The different results in *Holland* an *Trammell* underline the need discussed elsewhere in this opinion for a more precise definition of the conduct proscribed.

knowledge" and redefined the prohibited acts as criminal sexual conduct so as to deal with the reality of the actions for which our society would hold an individual criminally liable. The same should be done for the gross indecency statutes.

We are convinced that to follow the *Dexter* standard would leave the statute unconstitutionally vague because it leaves the trier of fact free to decide, without any legally fixed standard, both what the prohibited criminal act is and whether it has been committed. *Howell, supra,* pp 23-24; *Emmerich, supra,* p 288. However, we recognize the problem faced by other panels when faced with a situation that instinctively would appear to be an act that would not be tolerated in public and therefore should come under the statute, but that would not come under the *Howell* test. See *People v Trammell,* 171 Mich App 128; 429 NW2d 810 (1988). We are confident that the mutual masturbation alleged here comes under the *Howell* test. We believe it is accepted that fellatio is also prohibited. See *Howell; People v Myers,* 161 Mich App 215, 220; 409 NW2d 788 (1987). We accept that merely touching the clothed groin area or genitals would not be. *Emmerich, supra; Myers, supra.* Having established these signposts, this Court will continue to determine whether individual cases come within the construction of the statute. However, it should not be the role of our citizens, the police, the prosecutors, or the trial and appellate courts to try to catalog or characterize each and every sexually related activity that men and women may engage in and then try to place them on this spectrum of prohibited acts. See, e.g., *Myers, supra.* It is time that the Legislature acted in this area.

We also find that the trial court erred in finding that defendant had a reasonable expectation of

privacy in the common area of the restroom. At the time of the alleged activities in this case, the police had secured a warrant to install cameras in the ceiling above the stalls in the restroom. Previously, the police had maintained surveillance of the common area of the facility. Videotapes of alleged acts of gross indecency occurring in the common area were then submitted to support the warrant. It is these videotapes that defendant challenged.

The videotapes of activities that took place in the common area of the restroom did not violate the constitutional right to privacy guaranteed by the federal and state constitutions. As noted in *People v Heydenberk,* 171 Mich App 494, 497-498; 430 NW2d 760 (1988), it is not sufficient in itself that defendant have an actual or subjective expectation of privacy. There must also be a determination that defendant's expectation is one society is prepared to recognize as reasonable. See *People v Smith,* 420 Mich 1, 26-28; 360 NW2d 841 (1984). Viewing the totality of the circumstances here, even if we assume that defendant had a subjective expectation of privacy, we cannot conclude that society would be willing to recognize this expectation as reasonable. This was a public bathroom in a public rest area off a public highway. Any member of the public could feel free to enter that restroom. While the structure itself preserves a certain amount of privacy to those using the facilities, it can be presumed that any member of the public would expect that in the common area of the facility their privacy is not absolute and that any activity in that area is open to public examination.

The court below gave great significance to the fact that anyone entering the facility had to open two separate doors before entering the common

area.[4] The theory is that anyone seeking to pre-
serve his privacy would be forewarned upon hear-
ing the first door open and that any private activ-
ity could be stopped before the second door was
opened and his privacy was invaded. This theory
might support defendant's subjective expectation
of privacy. It may even be relevant to argue to the
finder of fact that the particular construction of
the facility made this area not public for purposes
of the gross indecency definition. However, we
cannot seriously accept as a matter of law that the
construction of the facility somehow turned a pub-
lic bathroom into a constitutionally protected pri-
vate area. The common area was readily accessible
to anyone needing to use the facility. The public's
expectation that they were entering a public facil-
ity certainly was not extinguished because they
had to open two doors rather than one. To the
extent that the videotapes were made of activities
in the common area of the restroom, we cannot
find that they invaded a constitutionally protected
expectation of privacy. The trial court's ruling on
the motion to suppress was clearly erroneous and
is reversed. *Kalchik, supra,* p 47.

As applied to this case, our holding means that
the police did not need a warrant to monitor or
videotape the common area. That evidence could
therefore be used to obtain the search warrant,
which included a request to install two cameras in
the ceiling with a view of at least a part of the
stalls, as well as cameras in the common area.
While the details of the act set forth in the prose-
cutor's brief indicate that at least some of the
evidence must have come from the ceiling cam-
eras, the issue as presented to this Court addresses

---

[4] *Heydenberk* also concerned the Holt rest area involved in this
case, although there is no mention in the case of the double-door
construction argued by defendant here.

only the tape made of the common area. We therefore decline to address the propriety of the ceiling cameras, other than to note that such a warrant can be valid given the appropriate circumstances and restrictions. See *Kalchik, supra; People v Dezek,* 107 Mich App 78; 308 NW2d 652 (1981).

Since the original videotapes could be used to support the need for the warrant, we need not address defendant's other issues concerning its validity, although we note that the evidence of sperm in the facility and the statement of the maintenance foreman would not in themselves have been sufficient to support the warrant. *People v Sherbine,* 421 Mich 502, 507; 364 NW2d 658 (1984); *People v Queenan,* 158 Mich App 38, 53; 404 NW2d 693 (1987).

Reversed.