PEOPLE v LILLIS

Docket No. 115618. Submitted October 11, 1989, at Lansing. Decided November 21, 1989.

Frederick E. Lillis was charged with gross indecency between males for an act allegedly occurring in the common area of a public rest room along an interstate highway. The district court suppressed the testimony of the arresting officer and dismissed the charge on the basis of an unreasonable search and seizure since the officer first looked through the window. The people appealed and the Oakland Circuit Court, Jessica R. Cooper, J., affirmed. The people appealed by leave granted.

The Court of Appeals *held:*

Defendant's constitutional rights to privacy and to be free from unreasonable searches and seizures are not implicated under the facts here since an expectation of privacy in a place readily accessible and open to anyone needing to use the rest room is unreasonable. Even if defendant had a subjective expectation of privacy, such expectation is not one which society is prepared to recognize as reasonable.

Reversed.

1. CONSTITUTIONAL LAW — SEARCHES AND SEIZURES — RIGHT TO PRIVACY.

In challenging a search or seizure on the ground of invasion of privacy, it is not sufficient in itself that the defendant have an actual or subjective expectation of privacy; the defendant's expectation of privacy must be one society is prepared to recognize as reasonable.

2. CONSTITUTIONAL LAW — SEARCHES AND SEIZURES — RIGHT TO PRIVACY — PUBLIC REST ROOMS.

There is no constitutionally protected expectation of privacy for activity which occurs in the common area of a public rest room readily accessible to anyone needing to use the facility.

REFERENCES

Am Jur 2d, Searches and Seizures § 21.

See the Index to Annotations under Privacy; Search and Seizure; Toilets and Bathrooms.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Michael W. Reeds,* for defendant.

Before: HOLBROOK, JR., P.J., and BRENNAN and REILLY, JJ.

PER CURIAM. The prosecution appeals by leave granted from the circuit court's order affirming the district court's order granting defendant's motion to suppress and dismissing the complaint and warrant. Defendant was charged with one count of gross indecency between males, MCL 750.338; MSA 28.570, arising out of an alleged act of fellatio occurring inside a public rest room along an interstate highway.

At approximately midnight on September 28, 1985, Michigan State Police Trooper Day pulled into the rest stop on eastbound I-96 in Novi, Michigan. Trooper Day observed three unoccupied motor vehicles in the parking lot. He exited from his patrol car and proceeded to the building containing the rest rooms. Before entering the men's rest room, Trooper Day went to the south side of the building to look through a window into the rest room. It was necessary for Trooper Day to boost himself up the wall to look through the window. He observed defendant and another man in the common area outside of the toilet stalls. The other man was performing fellatio on defendant. Defendant was later arrested.

Trooper Day was on regular patrol the night of the incident. He stopped at the rest area to inspect the premises. It is his normal practice to look

inside the rest rooms through the windows before entering to insure his safety. When looking through the window of this rest room, one can see the area outside of the toilet stalls, but not the urinals. One entering the rest room has to pass through two doors separated by a vestibule.

The district court granted defendant's motion to suppress Trooper Day's testimony, finding that Trooper Day's conduct violated defendant's constitutional rights against unreasonable searches and seizures. The circuit court affirmed. The courts below placed great emphasis on the fact that Trooper Day had observed defendant through a window. They concluded that, while defendant would not have an expectation of privacy if Trooper Day had entered the rest room through the rest room doors, defendant had an expectation of privacy that he would not be observed through the window.

This Court granted leave to appeal on April 12, 1989. We reverse.

A court's ruling on a motion to suppress evidence will not be set aside unless clearly erroneous. *People v Peyton,* 167 Mich App 230, 235; 421 NW2d 643 (1988). A ruling is clearly erroneous when the reviewing court is firmly convinced that a mistake has been made. *Id.*

Under both the United States and Michigan Constitutions, every person shall be protected from unreasonable searches and seizures of their person, houses, papers and possessions. US Const, Am IV; Const 1963, art 1, § 11. Before a defendant may challenge the validity of a search or seizure, the search or seizure must have infringed upon an interest of the defendant that is constitutionally protected. *People v Smith,* 420 Mich 1, 28; 360 NW2d 841 (1984); *United States v Salvucci,* 448 US 83; 100 S Ct 2547; 65 L Ed 2d 619 (1980). In

other words, the defendant must establish that he has standing to challenge the search or seizure. In making this determination, the court must decide, based upon the totality of the circumstances, whether the defendant had an expectation of privacy in the place that was searched or the object that was seized, and whether that expectation of privacy is one that society is prepared to recognize as reasonable. *Smith, supra.*

Having set forth the standards that guide our review, we must determine whether the lower court erred in finding that defendant had a reasonable expectation of privacy in the common area of the public rest room.

Two other panels of this Court have held that a person does not possess a reasonable expectation of privacy in the common area of a public rest room. *People v Lynch,* 179 Mich App 63; 445 NW2d 803 (1989); *People v Heydenberk,* 171 Mich App 494; 430 NW2d 760 (1988). We reach the same conclusion here.

Based upon the facts of this case, defendant had no reasonable expectation of privacy in the common area of the public rest room. Regardless of defendant's subjective expectation of privacy, we cannot conclude that such an expectation is one that society is prepared to recognize as reasonable.

The common area was accessible to anyone needing to use the rest room. The fact that defendant chose to engage in the alleged activity behind the closed doors of the rest room is of no merit. The common area remained a public place. "What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." Katz v United States, 389 US 347, 351; 88 S Ct 507; 19 L Ed 2d 576 (1967).

The manner by which Trooper Day observed

defendant has no bearing on whether defendant had a reasonable expectation of privacy in the rest room's common area. The determination whether a defendant had a reasonable expectation of privacy in the area searched must be made without regard to the manner in which the area was searched. The constitutionality of the challenged police conduct may be examined only after a determination has been made that the defendant had a reasonable expectation of privacy in the area searched. *Smith, supra.*

In conclusion, we hold that defendant lacked standing to challenge Trooper Day's conduct. Defendant did not possess a reasonable expectation of privacy in the common area of the public rest room. Finding that the district court clearly erred in suppressing Trooper Day's testimony, the order of the circuit court is reversed.