PEOPLE v BONO (ON REMAND)
PEOPLE v LAKE (ON REMAND)

Docket Nos. 227278, 227280. Submitted December 3, 2001, at Detroit. Decided January 4, 2002, at 9:00 A.M.

Michael S. Bono and Douglas Lake were each charged with and bound over to the Oakland Circuit Court on a charge of gross indecency with a male. Bono moved in the circuit court to have the charge against him dismissed, while Lake moved to have the charge against him quashed. There was testimony of a store security officer that by kneeling and looking under the stall door of a public restroom he was able to observe defendant Bono on his knees with his pants and underwear around his ankles in one stall facing the stall in which defendant Lake was sitting on the toilet and moving his arm up and down near the bottom of the stall occupied by Bono. The officer, however, did not see the defendants touching each other and did not see either defendant's genitals. The court, Jessica R. Cooper, J., granted the motions and dismissed the charges, concluding that because the evidence failed to establish that there had been any oral or anal penetration or any oral contact by one defendant with the anus or genitals of the other, no act of gross indecency within the meaning of MCL 750.338 had been committed and that the defendants had a reasonable expectation of privacy in the restroom stalls. The prosecution appealed each dismissal. The appeals were consolidated. The Court of Appeals, in an unpublished opinion per curiam, issued June 12, 2001 (Docket Nos. 227278, 227280), affirmed, holding that, as a matter of law, the defendants' conduct did not occur in a "public place" within the meaning of MCL 750.338. The prosecution sought leave to appeal to the Supreme Court, which, in lieu of granting leave, held that there was sufficient evidence for the finder of fact to find that the alleged act occurred in a public place, vacated the holding of the Court of Appeals, and remanded the matter to the Court of Appeals to address whether the act that occurred was grossly indecent within the meaning of MCL 750.338 and to consider whether CJI2d 20.31 is consistent with case law concerning the question whether masturbation can be grossly indecent. 465 Mich 888 (2001).

On remand, the Court of Appeals *held*:

1. The determination whether an act is an act of gross indecency within the meaning of MCL 750.338 must be determined case by case. The circumstances surrounding an act are relevant to the determination whether an act is grossly indecent.

2. Masturbation in public between consenting adult males is an act of gross indecency within the meaning of MCL 750.338. Accordingly, because the facts alleged by the prosecution, if true, establish masturbation in public between the defendants, the trial court erred in dismissing the charges of gross indecency.

3. CJI2d 20.31 provides that the prosecution, in order to establish an act of gross indecency, must prove beyond a reasonable doubt that the defendant engaged in a sexual act that involves one of the following situations: entry into another person's anus or vagina by the defendant by use of the defendant's penis, finger, or tongue, or some other object; entry into another person's mouth by the defendant's penis; the touching of another person's genital openings or organs with the defendant's mouth or tongue; or the entry by any part of one person's body or by some object into the genital or anal opening of another person's body.

4. Because CJI2d 20.31 does not permit a conviction of gross indecency where the act charged involves a manual sexual act, CJI2d 20.31 is not consistent with Michigan case law, which allows a person to be convicted of gross indecency where the act involved is masturbation in public between consenting males. On remand, the trial court must modify the criminal jury instruction to comport with the alleged act of masturbation.

Reversed and remanded.

1. CRIMINAL LAW — GROSS INDECENCY.

The determination whether an act is an act of gross indecency must be determined case by case; the circumstances surrounding an act are relevant to the determination whether an act is grossly indecent (MCL 750.338).

2. CRIMINAL LAW — GROSS INDECENCY BETWEEN MALES — MASTURBATION.

Masturbation in public between consenting adult males is an act of gross indecency within the meaning of the statute prohibiting gross indecency between males (MCL 750.338).

3. CRIMINAL LAW — GROSS INDECENCY — CRIMINAL JURY INSTRUCTIONS.

The criminal jury instruction defining gross indecency is not consistent with Michigan case law to the extent that it does not allow a person to be convicted of gross indecency where the act involved is masturbation in public between consenting adult males (MCL 750.338).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *John S. Pallas*, Assistant Prosecuting Attorney, for the people.

*Timothy R. Ash & Associates, P.C.* (by *Timothy R. Ash*), for Michael S. Bono.

*Sterling & Schilling, P.C.* (by *Ronald R. Schilling*), for Douglas M. Lake.

ON REMAND

Before: NEFF, P.J., and FITZGERALD and MARKEY, JJ.

FITZGERALD, J. This case is on remand from the Supreme Court.[1] In our earlier opinion,[2] we held that defendants' conduct did not occur in a public place as a matter of law within the meaning of the statute prohibiting gross indecency between males, MCL 750.338, and affirmed the trial court's dismissal of the charges against defendants. In lieu of granting the prosecution leave to appeal, the Supreme Court vacated this holding[3] and remanded the case to this Court "to address whether the act which occurred here is grossly indecent within the meaning of MCL

---

[1] *People v Bono*, 465 Mich 888 (2001).

[2] *People v Bono*, unpublished opinion per curiam of the Court of Appeals, issued June 12, 2001 (Docket Nos. 227278, 227280).

[3] The Court stated:

Assuming arguendo that the prosecution has to establish that the act occurred in public as an element of the crime, there was sufficient evidence to establish probable cause that the area was a public place and it remains a question for the factfinder whether this element was established. See *People v Williams*, 462 Mich 861-862 (2000). [465 Mich 888.]

750.338 and direct it to consider if CJI2d 20.31 is consistent with the case law on the question whether masturbation can be grossly indecent." 465 Mich 888. We reverse and remand.

The facts are succinctly set forth in our earlier opinion:

> On November 19, 1999, Mark Bowering, a Meijer store detective, entered the restroom at Meijer and noticed that both of the two adjoining stalls were occupied. Bowering washed his hands, walked out of the restroom, and waited in the front center lobby of the store for approximately eight to ten minutes. When nobody exited the restroom during that time, Bowering contacted his supervisor, Brian Reaver. Reaver and Bowering entered the restroom, and Bowering kneeled down and lowered his head to within one or two inches of the floor so that he could see under the stall doors. Bowering observed that the occupant of the handicapped stall, defendant Bono, was down on his knees, facing the adjacent stall, with his pants and underwear around his ankles. The occupant of the adjacent stall, defendant Lake, was sitting on the toilet. Defendant Lake was "moving his arm up and down near the bottom of the handicapped stall" where defendant Bono was kneeling. Bowering did not actually see defendants touching each other and did not see either defendant's penis.
>
> Both defendants were charged with gross indecency between males and bound over for trial. Defendant Lake moved to quash the charge against him, and defendant Bono moved to dismiss the charge against him. Following a hearing on the motions, the trial court granted the motions, concluding that (1) there was neither evidence that there was an entry of one defendant's penis, finger, or tongue into the other defendant's anus or mouth, nor evidence of the touching of one defendant's tongue or mouth to the other defendant's anus or genital organs, and (2) defendants had a reasonable expectation of privacy in the stall. [*People v Bono*, unpublished opinion per curiam of the Court of Appeals, issued June 12, 2001 (Docket Nos. 227278, 227280).]

I

On remand, we are directed to first determine whether the act that occurred here is grossly indecent within the meaning of MCL 750.338, which states in pertinent part:

> Any male person who, in public or in private, commits or is a party to the commission of or procures or attempts to procure the commission by any male person of any act of gross indecency with another male person shall be guilty of a felony . . . .

In the absence of a clear definition by the Legislature of the term "gross indecency," we must examine the longstanding body of Michigan case law addressing the subject. Beginning with *People v Hicks*, 98 Mich 86, 90; 56 NW2d 1102 (1893), a case involving the taking of indecent liberties with a child, the Supreme Court applied a "common sense of the community" standard. The common sense of society rationale was later applied in gross indecency cases. See, e.g., *People v Carey*, 217 Mich 601; 187 NW 261 (1922); *People v Dexter*, 6 Mich App 247, 253; 148 NW2d 915 (1967).

In *People v Howell*, 396 Mich 16, 24; 238 NW2d 148 (1976), Justice LEVIN rejected the common sense of society test and authored a plurality opinion that construed the term "act of gross indecency" to "prohibit oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public." However, only two other justices joined Justice LEVIN's opinion, and therefore this section of his opinion is not binding legal precedent. *People v Jones*, 222 Mich App 595, 599-600; 563 NW2d 719 (1997).

Several panels of this Court held that Justice LEVIN's definition of gross indecency has no precedential value and therefore adhered to the *Hicks* lines of authority. See, e.g., *People v Austin,* 185 Mich App 334, 338; 460 NW2d 607 (1990) (this Court applied the "common sense of society" standard in holding that MCL 750.338 was not unconstitutionally vague as applied to the defendants, who had allegedly engaged in consensual acts of fellatio and masturbation in a public restroom). Other panels of this Court chose to follow *Howell.* See, e.g., *People v Lynch,* 179 Mich App 63, 66-68; 445 NW2d 803 (1989) (this Court applied Justice LEVIN's standard from *Howell, supra,* and held masturbation in public constitutes "gross indecency").

In an effort to resolve the conflict between the standards used for gross indecency, a special panel of this Court held that the "common sense of society" standard was the appropriate standard to determine what constituted an act of gross indecency. *People v Brashier,* 197 Mich App 672, 679; 496 NW2d 385 (1992), aff'd in part and reversed in part sub nom *People v Lino,* 447 Mich 567; 527 NW2d 434 (1994). However, the portion of this Court's decision in *Brashier* that adopted the common sense of society rationale was reversed in *Lino, supra* at 571. In *Lino,* a majority of the justices rejected the "common sense of society" standard for gross indecency. However, the Court could not agree on what standard should be used to determine if an act is grossly indecent. Justice LEVIN wrote separately, *id.* at 578-603, and opined that the Court should state what is not gross indecency: adults engaging in "oral sex (fellatio, cunnilingus) or anal sex, or manual sex, including masturbation or other manual penetration or arousal, as long

as the activity is consensual and in private." *Id.* at 582. Justice BOYLE and Justice BRICKLEY opined that the gross indecency statute should punish only oral sexual conduct. *Id.* at 603-617. Justice RILEY and Justice GRIFFIN opined that Michigan should continue to use the "common sense of society" standard used in the past. *Id.* at 617-623. Therefore, *Lino* leaves us with a "definitive statement regarding how not to determine whether an act is grossly indecent, but without a definitive statement regarding which acts are grossly indecent." *Jones, supra* at 602.

Attending to the Court's admonition that "[o]ne of the lessons of the *Lino* inquiry is that it is prudent to decide only the case before us, and not attempt to catalog what is permitted and prohibited," *People v Warren,* 449 Mich 341, 345; 535 NW2d 173 (1995), we must determine whether masturbation in public between consenting adult males is grossly indecent.

The purpose of the gross indecency statute is to protect the public from the possibility of being exposed to certain acts of sexual conduct. *People v Vronko,* 228 Mich App 649, 656; 579 NW2d 138 (1998). Thus, the circumstances are relevant to a determination whether an act is grossly indecent. *Jones, supra* at 603.

In *Lino, supra* at 571, the Supreme Court held that oral sexual conduct in a public place is grossly indecent. The Court also held that "orchestrating the conduct of [a minor], to facilitate . . . sexual arousal and masturbation in the presence of the [minor] would constitute the offense of procuring, or attempting to procure, an act of gross indecency even though it was not committed in a public place." *Id.* at 578. *Lino* did not hold that the acts themselves were grossly indecent, but that because of the attending circumstances,

the defendants' conduct violated the gross indecency statute.[4] Thus, *Lino* is in harmony with Justice Levin's conclusion in *Howell* that (1) oral and manual sexual acts committed without consent or with a person under the age of consent and (2) an "ultimate sex act committed in public" are included within the definition of "gross indecency." In *Lynch, supra* at 68, this Court held that masturbation of an exposed penis is an "ultimate sex act" under Justice LEVIN's definition of gross indecency in *Howell*. It cannot be seriously argued that masturbation is not an "ultimate sex act." *Lynch, supra* at 67. See also *People v Trammell,* 171 Mich App 128; 429 NW2d 810 (1988). Thus, if the facts as alleged by the prosecution are true, then defendants' conduct would constitute an act of gross indecency under MCL 750.338.

II

We have also been directed to address whether CJI2d 20.31,[5] the jury instruction concerning what

---

[4] Thus, we question the continued validity of *People v Holland,* 49 Mich App 76; 211 NW2d 224 (1973). In *Holland,* the Court opined that the similar language of MCL 750.338b involving activities between males and females prohibits grossly indecent activity without regard to whether it occurred in public or in private. *Id.* at 78-79. However, the Court ultimately held that the defendant's act of allowing a young girl to willingly have her hand on the defendant's exposed penis in a car parked in a dark area of a private parking lot did not constitute an act of gross indecency within the meaning of the criminal statute prohibiting acts of gross indecency between males and females.

[5] CJI2d 20.31 states:

(1) The defendant is charged with the crime of committing an act of gross indecency with another person. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(2) First, that the defendant engaged in a sexual act that involved [*Choose (a), (b), (c), or (d):*]

constitutes gross indecency, is consistent with the case law regarding the question whether masturbation can be grossly indecent.[6] CJI2d 20.31 provides that "gross indecency" must include some sort of penetration, fellatio, or cunnilingus. However, there are no Michigan cases holding that there *must* be some penetration, fellatio, or cunnilingus to constitute gross indecency. There is Michigan case law, however, holding that public masturbation is a grossly indecent act, *Lynch, supra* at 68, and that masturbation in the presence of a minor, regardless of whether

---

(a) entry into another person's [vagina / anus] by the defendant's [penis / finger / tongue / *(name object)*]. Any entry, no matter how slight, is enough. It does not matter whether the sexual act was completed or whether semen was ejaculated.

*or*

(b) entry into another person's mouth by the defendant's penis. Any entry, no matter how slight, is enough. It does not matter whether the sexual act was completed or whether semen was ejaculated.

*or*

(c) touching of another person's [genital openings / genital organs] with the defendant's mouth or tongue.

*or*

(d) entry by [any part of one person's body / some object] into the genital or anal opening of another person's body. Any entry, no matter how slight, is enough. It is alleged in this case that a sexual act was committed by [*state alleged act*]. It does not matter whether the sexual act was completed or whether semen was ejaculated.

(3) Second, that the sexual act was committed in a public place. A place is public when a member of the public, who is in a place the public is generally invited or allowed to be, could have been exposed to or viewed the act.

[6] The trial court stated that "I am duty bound by the standard jury instructions that are promulgated by the Michigan Supreme Court that require the entry into a cavity or a touching and we don't have that." The standard jury instructions do not have the official sanction of the Michigan Supreme Court and, consequently, adherence to their choice of language is not required. *People v Petrella,* 424 Mich 221, 277; 380 NW2d 11 (1985); *People v Sullivan,* 231 Mich App 510, 520, n 1; 586 NW2d 578 (1998).

the conduct is performed in public, is a grossly indecent act. *Lino, supra* at 578. Because the instruction does not permit a conviction of gross indecency where a manual sexual act occurs under any set of circumstances, the instruction is not consistent with Michigan case law concerning masturbation as a grossly indecent act. *Lino, supra; Lynch, supra.* Thus, on remand the trial court will have to modify the criminal jury instruction to comport with the alleged act of masturbation.

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.