The People *v.* Girardin *et al.*

## THE PEOLPE *v.* GIRARDIN ET AL.

In an indictment for publishing a bawdy and obscene paper, it is not necessary to set forth the obscene matter on which the people rely for a conviction.

THE defendants were indicted in the District Court of the county of Wayne, for publishing an obscene paper. The indictment set forth, among other things, that the defendants " unlawfully, wickedly and impiously did print and publish, and cause and procure to be printed and published, a certain wicked, nasty, filthy, bawdy and obscene paper and libel, entitled City Argus; in which said paper and libel are contained, among other things, divers wicked, false, feigned, impious, impure, bawdy and obscene matters, language and descriptions, wherein and whereby are represented the most gross scenes of lewdness and obscenity," &c. On the trial Girardin was convicted, and thereupon his counsel moved in arrest of judgment for the reason that the obscene matter, for publishing which he had been found guilty by the jury, was not set forth in the indictment, and the district court reserved the question for the opinion of this court.

*Taylor*, for defendant.

*Buel, district attorney,* for the people.

The People *v.* Girardin *et al.*

*By the court,* WHIPPLE, J. It is a general rule, founded in justice and good sense, that every indictment should contain a certain description of the offence, of which the defendant is accused. It is also said that the indictment should contain a statement of the facts by which it is constituted, so as to identify the accusation. 1 Chit. Cr. L. 169. This is generally deemed proper for various reasons, the principal one of which is, that the defendant may be protected from being questioned a second time on the same ground. But the principal facts and circumstances which constitute an offence, need not in all cases be set out in the indictment. Exceptions to the general rule may be instanced in cases of indictments for being a common scold, or barretor; for keeping a disorderly or a common gambling house. So an indictment against a person for endeavoring to incite a soldier to acts of mutiny (1 Bos. and Pul. 179), or a servant to rob his master, has been held good, without stating the particular means adopted. An exception to the rule is also found in indictments for aiding prisoners to escape: it is sufficient to say "aiding and assisting." And in charging an accessory before the fact, the words "that he did incite, move, procure, aid and abet," have been held sufficiently descriptive of the offence, without stating in what manner and by what means the person charged did incite, &c.

But there is another rule as ancient as that contended for by the counsel for the prisoner, which forbids the introduction in an indictment of obscene pictures and books. Courts will never allow its records to be polluted by bawdy and obscene matters. To do this, would be to require a court of justice to perpetuate and give notoriety to an indecent publication, before its author could be visited for the great wrong he may have done to the public or to individuals.

And there is no hardship in this rule. To convict the defendant, he must have been shown to have published the libel: if he is the publisher, he must be presumed to have been advised of the contents of the libel, and fully prepared to justify it.

The indictment in this cause corresponds with the precedents to be found in books of the highest merit. If authority was necessary, the case of the Commonwealth *v.* Holmes, 17 Mass. 336, fully sustains the views we have expressed.

*Certified accordingly.*