PEOPLE *v*. CAREY.

1. CRIMINAL LAW — GROSS INDECENCY — STATUTORY OFFENSE—INFORMATION—SUFFICIENCY.
    In a prosecution for an act of gross indecency under 3 Comp. Laws 1915, § 15511, where the information followed the language of the statute, it was sufficient without describing the particular act charged.

2. SAME—AMENDED INFORMATION—VERIFICATION—VALIDITY.
    Where the information was sufficient in its original form, failure to verify it after an amendment thereto which added no new count did not affect its validity.

3. SAME — INFORMATION—STATUTORY OFFENSE—EVIDENCE—SUFFICIENCY.
    Where the information charged the procurement of the commission of the offense, and the evidence would support a charge of committing or of procuring to commit, defendant was properly convicted.

Exceptions before judgment from St. Clair; Law (Eugene F.), J.   Submitted January 13, 1922. (Docket No. 160.)   Decided March 30, 1922.

Samuel Carey was convicted of an act of gross indecency.   Affirmed.

*James A. Muir*, for appellant.

*Henry R. Baird*, Prosecuting Attorney, for the people.

CLARK, J.   The information followed the language of the statute, section 15511, 3 Comp. Laws 1915:

"That any male person who in public or private commits or is a party to the commission of or procures or attempts to procure the commission by any male

---

On power of court to amend indictment as to description of offense, see note in 7 A. L. R. 1535.

person of any act of gross indecency with another male person shall be deemed guilty of a felony and upon conviction thereof be punished," etc.,

—but it did not give the particulars of any act of gross indecency and the term is not defined by the statute. The testimony of a boy who participated in the affair was taken at the preliminary examination, at which defendant was represented by counsel. The testimony was transcribed and a, copy furnished defendant's counsel several weeks before the trial. At the opening of the trial, defendant's discharge was sought on the ground that he was not charged with any offense known to the law. The court took the matter under advisement and the trial proceeded. After some testimony had been taken, the prosecution was permitted to amend the information by adding words descriptive of the particular act of gross indecency claimed. An amended information, not verified, was filed to which defendant refused to plead and a plea of not guilty was entered. Reasonable continuance of the cause was offered to defendant and declined. Further testimony was taken. No evidence was offered by defendant. He was convicted. The cause is here on exceptions before sentence.

The information was sufficient without amendment. It was said in *People* v. *Hicks,* 98 Mich. 86:

" 'Indecent and improper liberties with the person of such child' means such liberties as the common sense of society would regard as indecent and improper. In this case, as in *State* v. *Millard,* 18 Vt. 577 (46 Am. Dec. 170), it may be said that 'no particular definition is given by the statute of what constitutes this crime. The indelicacy of the subject forbids it, and does not require of the court to state what particular conduct will constitute the offense. The common sense of the community, as well as the sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to

each particular case, and point out what particular conduct is rendered criminal by it.' The prosecution in that case was for indecent exposure of the person."

And it was said respecting obscene publications in *People* v. *Girardin,* 1 Mich. 90:

"Courts will never allow its records to be polluted by bawdy and obscene matters. To do this, would be to require a court of justice to perpetuate and give notoriety to an indecent publication, before its author could be visited for the great wrong he may have done to the public or to individuals."

Such rule having been applied to indecent exposures, indecent liberties and obscene publications, how much rather then that it be applied to gross indecencies. The information in the language of the statute informed defendant of the crime for which he was to be tried. It should not state the evidence by which it is to be proved, nor should it describe the particular act charged. The gross indecency of the subject forbids it.

But the amendment introduced no act not in issue at the examination, and, though in description of the offense, did not prejudice the accused in respect to a defense on the merits and it will therefore be regarded as formal and not erroneous. See 7 A. L. R. 1535; 22 Cyc. p. 440; *People* v. *Price,* 74 Mich. 37; *People* v. *Bennett,* 122 Mich. 281; *People* v. *Schultz,* 85 Mich. 114; 3 Comp. Laws 1915, § 15749 *et seq.*

The people need not have filed an amended information and asked the accused to plead to it. No new count was added. The words of amendment might have been indorsed on the original information as was done in *People* v. *McCullough,* 81 Mich. 25. So the failure to verify the amended information was not prejudicial error.

The information charged the procurement of the commission of the offense. This is criticized. It is

sufficient to say that the evidence would support a charge of committing or of procuring to commit.

We have considered the other questions raised and find no reversible error.

Conviction affirmed.    The court may proceed to judgment.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.