PEOPLE v BRASHIER

Docket No. 150311. Submitted September 25, 1992, at Lansing. Decided December 29, 1992, at 9:30 A.M. Leave to appeal sought.

Edward M. Brashier was charged with four counts of gross indecency and was bound over to the Oakland Circuit Court. The court, Fred M. Mester, J., denied the defendant's motion to quash the charges, holding that sufficient evidence had been presented at the preliminary examination to establish the offense of gross indecency. The defendant appealed by leave granted, and the Court of Appeals, HOLBROOK, JR., P.J., and GRIFFIN, J. (MARILYN KELLY, J., concurring), reversed in an unpublished opinion per curiam, decided February 27, 1992 (Docket No. 134343), on the ground that the trial court had relied on the "common sense of society" definition of gross indecency set forth in *People v Dexter,* 6 Mich App 247 (1967), that had been rejected in *People v Lino,* 190 Mich App 715 (1991), and that because *Lino* was binding precedent pursuant to Administrative Order No. 1990-6, 436 Mich lxxxiv (1990), the acts of the defendant did not constitute gross indecency under the more restrictive *Lino* definition. MARILYN KELLY, J., concurring, additionally stated that *Lino* was correctly decided

The Court of Appeals granted the people's petition to convene a special panel to resolve whether the controlling definition of gross indecency is that of *Dexter* or that adopted in *Lino.*

In an opinion per curiam, signed by Chief Judge DOCTOROFF and Judges MURPHY, HOLBROOK, JR., WAHLS, HOOD, SAWYER, WEAVER, McDONALD, CAVANAGH, and REILLY, the Court of Appeals *held:*

The definition of gross indecency set forth in *Dexter,* remains the binding definition of gross indecency. The reliance in *Lino* on the language and holding of *People v Howell,* 396 Mich 16 (1976), was misplaced, because the language in *Howell* on which *Lino* relied was from a plurality decision that does not bind the Court of Appeals. Accordingly, the definition found in

REFERENCES
Am Jur 2d, Lewdness, Indecency, and Obscenity § 2.
See the ALR Index under Lewdness, Indecency, and Obscenity.

*Dexter,* which restated the definition that the Supreme Court had adhered to for more than a century, remains the definition that is binding on the Court of Appeals. Further, that definition is not vague on constitutional grounds. The trial court properly denied the motion to quash.

Affirmed.

Judges CONNOR, BRENNAN, and NEFF, concurring, stated that although the "common sense of society" definition of gross indecency is binding on the Court of Appeals, it is too vague and imprecise to provide fair notice of the conduct proscribed. Rather, the definition of the *Howell* plurality should be adopted. However, the defendant's acts in this case fall within that more narrow definition.

CRIMINAL LAW — GROSS INDECENCY.

Gross indecency is an act of such character that the common sense of society regards it as indecent and improper (MCL 750.338; MSA 28.570).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Robert C. Williams,* Assistant Prosecuting Attorney, for the people.

*Theodore H. Friedman,* for the defendant on appeal.

Before: DOCTOROFF, C.J., and MURPHY, HOLBROOK, JR., WAHLS, HOOD, SAWYER, WEAVER, MCDONALD, BRENNAN, CAVANAGH, NEFF, REILLY, and CONNOR, JJ.

PER CURIAM. This appeal is considered pursuant to the special panel conflict resolution provisions of Administrative Order No. 1990-6, 436 Mich lxxxiv (1990), which were continued in effect by Administrative Order No. 1991-11, 439 Mich cxliv (1991). On May 20, 1992, we granted the petition of the Oakland County Prosecutor to convene a special panel of this Court, identifying the question in conflict to be resolved as:

Whether the definition of gross indecency of
MCL 750.338; MSA 28.570 is the "common sense of
society" definition from *People v Dexter,* 6 Mich
App 247; 148 NW2d 915 (1967), or the definition in
*People v Lino,* 190 Mich App 715; 476 NW2d 654
(1991), adopted from *People v Howell,* 396 Mich 16;
238 NW2d 148 (1976).

See, also, *People v Emmerich,* 175 Mich App
283; 437 NW2d 30 (1989), and *People v Lynch,* 179
Mich App 63; 445 NW2d 803 (1989). [194 Mich App
413.]

We resolve the conflict in favor of the *Dexter*
definition, because we find that *Howell* did not
overrule binding Supreme Court precedent defin-
ing gross indecency.

The definition of gross indecency in terms of the
"common sense of society" has a long pedigree. In
*People v Carey,* 217 Mich 601; 187 NW 261 (1922),
an information charged violation of 1915 CL
15511, which prohibited gross indecency between
males with language very similar to that at issue
here, MCL 750.338; MSA 28.570. Citing *People v
Hicks,* 98 Mich 86, 90; 56 NW 1102 (1893), the
Supreme Court held that an information charging
gross indecency was sufficient even though it did
not describe the particular acts the defendant
allegedly committed. The Supreme Court held that
the information was sufficient without such de-
scription, because "the indelicacy of the subject"
explains the lack of a definition of "gross inde-
cency" in the statute, and because a court "will
never allow its records to be polluted by bawdy
and obscene matters," quoting from *Hicks* and
*People v Girardin,* 1 Mich 90 (1848). In coming to
this conclusion, the Court in *Carey, supra* at 602-
603, quoted the following language from the opin-
ion in *Hicks, supra* at 90, which in turn quoted it
from a Vermont decision, *State v Millard,* 18 Vt
577 (1846):

The common sense of the community, as well as the sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it.

At issue in *People v Szymanski,* 321 Mich 248; 32 NW2d 451 (1948), was a statute that made criminal "indecent and improper liberties" by an adult male against a female child. Citing earlier cases construing the same statute, the Supreme Court held that the "statute penalizes conduct that is of such character that the common sense of society regards it as indecent and improper." *Id.* at 252.

In *People v Dexter,* 6 Mich App 247, 252-253; 148 NW2d 915 (1967), this Court rejected a claim that the present gross indecency statute is unconstitutionally vague. Relying on *Hicks, Carey,* and *Szymanski,* the Court held that statutes regarding indecent liberties or gross indecency penalize "conduct that is of such character that the common sense of society regards it as indecent and improper," quoting from *Szymanski.*

The present controversy may be said to have begun with *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976). In *Howell,* two defendants argued that the gross indecency statute is unconstitutionally vague. Six justices participated in deciding the case. All six agreed with part I of the opinion, which held that the term "act of gross indecency," standing alone, fails to give adequate notice of the conduct proscribed. However, part I also held that neither defendant could claim that he did not know that acts of forced fellatio or fellatio with a minor were subject to prosecution under the statute, given prior decisions applying the statute to such conduct. The Court therefore

affirmed one defendant's conviction and remanded the other defendant for trial.

In part II of the *Howell* opinion, the construction of the gross indecency statute that defined gross indecency in terms of the "common sense of society" was rejected because it was found to vest unstructured discretion in the trier of fact to determine whether a crime had been committed. Part II of the *Howell* opinion states that there is no "common sense of society" regarding sexual behavior between consenting adults in private, or indeed regarding many other practices that could be prosecuted as gross indecency. The *Dexter* interpretation of the statute was rejected, and "act of gross indecency" was construed "to prohibit oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public." 396 Mich 24.

Part II of the *Howell* opinion was supported by only three of the six justices participating. For this reason, panels of this Court continued to follow the *Dexter-Carey-Hicks* definition of gross indecency. However, in *People v Emmerich,* 175 Mich App 283, 286; 437 NW2d 30 (1989), and *People v Lynch,* 179 Mich App 63, 66; 445 NW2d 803 (1989), panels of this Court followed the definition given in part II of the *Howell* opinion. Finally, in *Lino,* a panel of this Court reviewed the split of authority and decided to follow *Howell. Lino, supra* at 719-720.

Defendant, in separate informations, was charged with four counts of gross indecency between males in violation of MCL 750.338; MSA 28.570. Testimony at the preliminary examination showed that defendant would approach juvenile males and ask them if they wanted to earn some money by beating up the codefendant. The juve-

niles would then accompany defendant to a hotel room where both they and defendant were paid to verbally and physically abuse the codefendant while he masturbated.

Defendant's motion to quash the charges was denied, and he appealed by leave granted. This Court reversed. Unpublished opinion per curiam, decided February 27, 1992 (Docket No. 134343). Judges HOLBROOK, JR., and GRIFFIN held that preliminary examination testimony did not establish the offense of gross indecency under the restrictive definition adopted in *Lino,* which is binding precedent pursuant to Administrative Order No. 1990-6. They therefore reversed and remanded with instructions to the circuit court to quash the counts of gross indecency, but did so only because required to pursuant to Administrative Order No. 1990-6. Judge MARILYN KELLY, concurring in part and dissenting in part, agreed that *Lino* required reversal, but stated that *Lino* should be followed not only because it is binding, but also because it was correctly decided.

By an order dated May 20, 1992, we granted the prosecutor's petition to convene a special panel to resolve the implicit conflict.

Although a three to two decision of the Supreme Court is binding on the Court of Appeals and the trial courts until overruled by a later decision of the Supreme Court, plurality decisions in which no majority of the justices participating agree concerning the reasoning are not authoritative interpretations under the doctrine of stare decisis. *Negri v Slotkin,* 397 Mich 105, 109-110; 244 NW2d 98 (1976); *People v Anderson,* 389 Mich 155, 170-171; 205 NW2d 461 (1973).

Part II of the *Howell* decision, which supplies the definition of gross indecency adopted in *Lino,* was supported by only three of the six justices

participating. It is therefore a plurality opinion that does not bind this Court.

If *Carey* defined gross indecency to mean conduct that the common sense of society regards as indecent and improper, then this Court is not free to ignore such binding precedent and choose instead to follow the plurality opinion in *Howell.* It has been argued that *Carey* is not binding precedent. At issue in *Carey* was the question whether an information charging gross indecency was defective because it did not describe the acts complained of. The Supreme Court held that it was not defective, but did so by referring in part to the "indelicacy of the subject" and the rule that a court should not allow its records to be polluted by bawdy and obscene matters. Because the gross indecency statute was not being challenged for vagueness in *Carey,* it is arguable that references to the "common sense of society" are dicta. Similarly, in *Szymanski* vagueness was not an issue. Moreover, the statute in *Szymanski* was a different one referring to "indecent and improper liberties" with a minor female. If those Supreme Court cases do not supply an authoritative definition of "gross indecency," then the *Lino* panel was free to reject the *Dexter* panel's interpretation and adopt instead the definition given in part II of *Howell.*

We note, however, that even dictum of the Michigan Supreme Court is entitled to considerable deference. The Supreme Court has explained that a decision is authoritative on any point decided if the Court's opinion demonstrates application of the judicial mind to the precise question adjudged, regardless of whether it was necessary to decide the question in order to decide the case. *Detroit v Michigan Public Utilities Comm,* 288 Mich 267, 299-300; 286 NW 368 (1939). Although the Court in *Carey* was not concerned with a vagueness chal-

lenge, the opinion shows an application of the judicial mind to the question whether a defendant was adequately informed of the charge against him when the information did not describe the acts of gross indecency that allegedly occurred. The Court cited with approval the statement from *Hicks* that the "common sense of the community, as well as the sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it." 217 Mich 602-603. We therefore conclude that *Carey* established an authoritative interpretation of the meaning of "gross indecency" and that the panel in *Lino* was not free to adopt the definition given in part II of *Howell*.

Affirmed.

CONNOR, BRENNAN, and NEFF, JJ. *(concurring)*. We concur in resolving the conflict in favor of the *Dexter* definition, because we would also find that *Howell* did not overrule binding Supreme Court precedent defining gross indecency. However, having leapt into the brier patch, we believe we should take this opportunity to express our belief that *Carey* was wrongly decided or is no longer viable. *People v Mitchell,* 428 Mich 364, 370; 408 NW2d 798 (1987).

It has become increasingly clear that the "common sense of society" test is too vague and imprecise to provide fair notice of the conduct proscribed. We should align this Court with the *Howell* plurality and note our agreement that there is no longer any "common sense of society" regarding sexual behavior between consenting adults in private and that defining gross indecency in terms of the "common sense of society" vests unstructured discretion in the trier of fact to determine whether a crime has been committed.

The *Howell* definition, which construed the statute to prohibit "oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public," is clear, concise, and sufficiently inclusive to include defendant Brashier's grossly indecent conduct.[1]

---

[1] The principal, Goike, performed manual sex acts, masturbation, while defendant encouraged and assisted several persons under the age of consent to abuse Goike until he experienced orgasm. Defendant paid the juveniles; he threatened them; he scripted their actions; he participated in the abuse. He *aided and abetted* the commission of gross indecency as defined by *Howell*. See MCL 767.39; MSA 28.979; CJI2d 8.1.