PEOPLE v BROWN (AFTER REMAND)

Docket Nos. 191823, 191824. Submitted November 20, 1996, at Lansing. Decided April 4, 1997, at 9:15 A.M.

Carolyn S. Brown and Sandra L. Stewart were charged in the Oakland Circuit Court with gross indecency between females and accosting and soliciting. The court, Barry L. Howard, J., quashed the information with respect to the charge of gross indecency between females on the basis of the holding in *People v Lino*, 190 Mich App 715 (1991). The prosecutor sought leave to appeal in the Court of Appeals, which was denied. Ultimately, following a remand of the matter to the Court of Appeals, the Supreme Court remanded the matter to the circuit court for proceedings consistent with the holding in *People v Lino*, 447 Mich 567 (1994). 448 Mich 930 (1995). On remand, the circuit court again granted the motion to quash and dismissed the charges of gross indecency between females. The prosecutor appealed separately by leave granted with respect to each defendant the order dismissing the gross indecency charge, and the appeals were consolidated.

The Court of Appeals *held*:

1. Oral sexual conduct committed between two adult women in a public place is an act of gross indecency within the meaning of the act making criminal gross indecency between women, MCL 750.338a; MSA 28.570(1).

2. An act of oral sexual conduct is committed in a public place if an unsuspecting member of the public who is in a place that the public is generally invited or allowed to be could be exposed to or view the act.

3. Because the factual record in this case is inconclusive whether the act at issue in this case was performed in a place where an unsuspecting member of the public could have been exposed to or viewed the act, the case must be remanded for further proceedings.

Reversed and remanded.

J. D. PAYANT, J., concurring, stated that the element of being committed in a public place should be determined by ascertaining whether the act was performed in a place where there is a reasonable likelihood that the act would be seen by a member of the public.

◆

CRIMINAL LAW — GROSS INDECENCY BETWEEN WOMEN — PUBLIC PLACE.

Oral sexual conduct committed between two adult women in a public place is an act of gross indecency within the meaning of the act making criminal gross indecency between women; an act of oral sexual conduct is committed in a public place if an unsuspecting member of the public who is in a place that the public is generally invited or allowed to be could be exposed to or view the act (MCL 750.338a; MSA 28.570[1]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Richard H. Browne*, Assistant Prosecuting Attorney, for the people.

*Rubin & Rubin* (by *Carl L. Rubin*), for the defendants.

AFTER REMAND

Before: McDONALD, P.J., and MURPHY and J. D. PAYANT*, JJ.

MURPHY, J. The prosecutor appeals by leave granted the trial court's quashing of the information charging defendants with gross indecency between females, MCL 750.338a; MSA 28.570(1). We reverse and remand.

I

Defendants were employees of the Loving Touch massage parlor in the City of Ferndale. The parlor was suspected by the police to be a front for prostitution. In October 1991, an undercover officer patronized the parlor as part of an investigation. The officer was quoted a price for a massage with two women of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

his choice. The officer paid the quoted price and selected defendants. Defendants took the officer into another room, which they entered through a door or curtain. Once defendants and the officer entered the room, the door or curtain was closed. In the room, defendants indicated to the officer that they would perform oral sex on each other for an additional fee. The officer gave defendants more money and witnessed defendant Stewart perform cunnilingus on defendant Brown for approximately five seconds. Defendants then left the room, and the officer left the parlor. Twenty to thirty minutes later, the officer returned to the parlor with uniformed officers. Defendants were arrested and charged with gross indecency between female persons, MCL 750.338a; MSA 28.570(1), and soliciting and accosting, MCL 750.448; MSA 28.703.

Defendants moved in the trial court to quash the information with regard to the gross indecency charges, arguing that the act occurred in a private place and could therefore not be grossly indecent. The trial court agreed, relying on *People v Lino*, 190 Mich App 715; 476 NW2d 654 (1991), and dismissed the charges. The prosecutor sought leave to appeal in this Court, but leave was denied. The prosecutor then appealed to the Supreme Court, which remanded the case to this Court for consideration as on leave granted. 440 Mich 914 (1992). In a March 11, 1993, memorandum opinion, this Court reversed the trial court's order of dismissal, holding that because the standard set forth in *Lino, supra,* had been rejected by a conflict resolution panel of this Court in *People v Brashier*, 197 Mich App 672; 496 NW2d 385 (1992), the trial court applied the incorrect standard. Unpub-

lished memorandum opinion of the Court of Appeals, issued March 11, 1993 (Docket No. 156323). Defendants then sought leave to appeal to the Supreme Court. While defendants' application was pending, the Supreme Court decided *People v Lino,* 447 Mich 567; 527 NW2d 434 (1994), discussed earlier, which consolidated this Court's decisions in *Lino* and *Brashier.*[1] Following that decision, the Supreme Court vacated this Court's judgment in defendants' case and remanded the matter to the trial court for proceedings consistent with the Supreme Court's decision in *Lino.* 448 Mich 930 (1995). On remand, the trial court once again dismissed the gross indecency charges against defendants. Subsequently, this Court granted the prosecutor's application for leave to hear the instant appeal.

The issue we must address is whether defendants' conduct violated MCL 750.338a; MSA 28.570(1), which prohibits acts of gross indecency between female persons. The trial court's quashing of the gross indecency charge on the legal ground asserted in this case is subject to review for error. See *People v Thomas,* 438 Mich 448, 452; 475 NW2d 288 (1991).

II

MCL 750.338a; MSA 28.570(1) provides in relevant part:

> Any female person who, in public or in private, commits or is a party to the commission of, or any person who procures or attempts to procure the commission by any female

---

[1] For a more detailed history of the gross indecency statute and the judicial standards applied to the crime, see *People v Jones,* 222 Mich App 595; 563 NW2d 719 (1997).

person of any act of gross indecency with another female person shall be guilty of a felony.

There is no statutory definition of "an act of gross indecency." However, in *Lino*, 447 Mich 571, a majority of the Supreme Court held that "[o]ral sexual conduct committed in a public place is grossly indecent under MCL 750.338; MSA 28.570." MCL 750.338; MSA 28.570 prohibits acts of gross indecency between male persons and provides:

> Any male person who, in public or in private, commits or is party to the commission of or procures or attempts to procure the commission by any male person of any act of gross indecency with another male person shall be guilty of a felony.

Because the statutes are nearly identical, except for the fact that the statute at issue in *Lino* applies to acts of gross indecency between males, we are comfortable in applying the *Lino* holding to the case at bar and concluding that oral sexual conduct between females committed in a public place is also grossly indecent under MCL 750.338a; MSA 28.570(1).

Defendants' argument is not that they did not perform an act of oral sexual conduct, but that because the act did not occur in a public place, they cannot be guilty of gross indecency under the statute. Therefore, the precise issue we must address is whether defendants' act of oral sexual conduct was committed in a public place for purposes of the gross indecency statute. Neither the statute nor a majority of the Supreme Court in *Lino* specifically defines "public place."[2]

---

[2] In his separate opinion in *Lino*, Justice Levin opined that in order to establish the "public place" element of gross indecency, the "prosecutor

However, on the basis of the facts and holdings of *Lino*, and the implications they create, we can derive a definition consistent with the precedent set by *Lino*.

We do not read *Lino* to hold that oral sexual conduct in and of itself is grossly indecent under the statute, but that an act of oral sexual conduct performed *in a public place* violates the statute. See *People v Jones*, 222 Mich App 595; 563 NW2d 719 (1997), issued this same day. We consider the distinction between oral sexual conduct committed in a public place and oral sexual conduct committed in private to be of significance in applying the statute. Also, we have determined, on the basis of the facts of *Lino*, that the key issue in determining whether an act of oral sexual conduct was performed in a "public place" is not so much the exact location of the act, but whether there is the possibility that the unsuspecting public could be exposed to or view the act.[3]

---

must prove that when the sexual act was committed, the objective circumstances indicated that the conduct could have been seen, and was likely to have been seen, by members of the public." 447 Mich 600. On the basis of this definition, Justice LEVIN opined that Lino's conviction should be reversed because "[n]o member of the public inadvertently witnessed the sexual act. Nor does it appear that it was likely that a member of the public would have inadvertently witnessed the act." *Id.* at 601, n 33.

In our opinion, any definition of "public place" must be consistent with the holding of a majority of the Supreme Court that Lino's conduct occurred in a public place and his conviction should be affirmed. We do not think it would be proper to adopt a definition that, according to its originator, would have led to a result different than the one we are constrained to follow. Therefore, contrary to the position taken in the concurring opinion, we consider Justice LEVIN's definition to be unworkable, if not implicitly rejected by a majority of the Supreme Court.

[3] The defendant in *Lino* was a male prostitute who performed an act of fellatio on the driver of a pickup truck while the pickup truck was parked in the overflow parking lot of a restaurant, at 12:30 a.m. The restaurant was open for business, but there were no other vehicles in the parking lot. The lot was enclosed by a six- to eight-foot fence on the north and east

The logical implication from this is that, according to *Lino*, the gross indecency statute seeks to protect the public from the possibility of being exposed to or viewing such acts of oral sexual conduct. As a result, oral sexual conduct performed in a manner that may violate this protection is grossly indecent. Therefore, an act of oral sexual conduct is grossly indecent, i.e., committed in a public place, when an unsuspecting member of the public, who is in a place the public is generally invited or allowed to be, could have been exposed to or viewed the act.[4]

Generally, the simple fact that an act of oral sexual conduct was performed in a place where the public is generally invited or allowed to be is strong evidence of gross indecency because, generally speaking, in such places there is at least the possibility that an unsuspecting member of the public could have been

---

sides. The south side of the lot was open to the street, and there was an opening on the north side of the fence that allowed pedestrian traffic. One officer testified that, although he could see the driver of the truck in the parking lot, it was not until the officer climbed up three feet on the fence that he witnessed Lino performing oral sex on the driver of the truck. Another officer testified that he did not see Lino performing oral sex on the driver until he approached the truck. Because the exact location of Lino's act of oral sexual conduct was in a private vehicle, other circumstances surrounding the location of the act must have been determinative. We consider the fact that, because of where the truck was parked, there was the possibility that Lino's act could have been viewed by unsuspecting members of the public to have been the determinative factor in the majority's holding that Lino's act of oral sexual conduct occurred in a public place.

[4] Because this holding is derived specifically from the facts and holdings of *Lino*, and the implications they create, we limit its application to acts of oral sexual conduct. We also limit this holding to acts committed between adults. One implication from *Lino*, 447 Mich 572, is that the involvement of minors in the commission of the acts is of significance in applying the statutes and, if there is involvement of minors, that may lead to a result different than one reached if only adults had been involved. Therefore, we are not addressing how to analyze a factual situation involving minors.

exposed to or viewed the act. However, the circumstances of each particular case control. In the case at bar, the fact that defendants' act of oral sexual conduct was performed in a commercial establishment that, by way of general invitation, sought patronage from the public is strong evidence in favor of a finding of gross indecency. However, a conclusive finding is dependent on the specific facts of this case, i.e., whether defendants' act was performed in a location where an unsuspecting member of the public who accepted the parlor's general invitation to do business could have been exposed to or viewed the conduct. At this point in the proceedings, the factual record consists of only the transcript of the preliminary examination, and that transcript contains only brief descriptions of the massage parlor and the room where the act took place. On the basis of this undeveloped record, we are of the opinion that a conclusive finding is premature. The issue must be decided on a more complete record.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

McDONALD P.J., concurred.

J. D. PAYANT, J. *(concurring)*. I concur. I write separately only because I disagree with the reasoning of the majority in defining a "public place" as being a place where there is a possibility that the unsuspecting public could be exposed to or view the act. I believe that definition is too broad. If a jury was instructed using that definition of a "public place," there would be very few areas that the jury could not find to be a public place. The only "nonpublic places" would be those places that are completely locked and

have no windows. Certainly a room on the 25th floor of a building, with a window, would be a "public place" because there would be a "possibility" that a member of the unsuspecting public could be exposed to or view the act from another building, by use of telescope, or from an aircraft.

I espouse the view of Justice LEVIN in *People v Lino*, 447 Mich 571, 599-601; 527 NW2d 434 (1994), in which he urged the Michigan Supreme Court to follow the lead of the highest courts of New York, Massachusetts, and California and hold that to establish the "public place" element of gross indecency, the proofs must show that when the sexual act was committed the objective circumstances indicated that the conduct could have been seen, and was likely to have been seen, by members of the public.

Following this more objective "reasonable likelihood" test, a factfinder would have much greater latitude in deciding what constitutes a "public place" than is given by the single option of determining whether there was any possibility whatsoever that the conduct could have been observed by members of the public.

I agree with the majority opinion in all other respects, including the order of remand to obtain a more complete record concerning whether the massage parlor was a private place or a public place as a matter of law, or if a jury question has been presented with respect to that issue.