PEOPLE v JONES

Docket No. 194957. Submitted December 18, 1996, at Lansing. Decided April 4, 1997, at 9:20 A.M.

John R. and Shurie D. Jones, husband and wife, were bound over for trial in the Jackson Circuit Court on a charge of gross indecency, MCL 750.338b; MSA 28.570(2), for having allegedly engaged in sexual intercourse in a public visiting room at a prison facility. The defendants allegedly used their three minor children in an attempt to shield the defendants from the view of others in the room. The court, Chad C. Schmucker, J., ruled, on the basis of *People v Lino*, 447 Mich 567 (1994), and *People v Danielac*, 38 Mich App 230 (1972), that, irrespective of the offensiveness of the defendants' conduct, normal heterosexual intercourse between a husband and wife is not proscribed by the statute. The court entered an order quashing the information and remanding the matter to the district court on the reduced charge of indecent exposure, MCL 750.335a; MSA 28.567(1). The prosecution was granted a stay of the district court proceedings and the Court of Appeals granted the prosecution's application for leave to bring an interlocutory appeal.

The Court of Appeals *held*:

1. The Supreme Court's decision in *Lino* established that the determination whether an act is an act of gross indecency is properly determined case by case and that the circumstances surrounding the act are relevant to that determination.

2. *Danielac* was wrongly decided, in light of *Lino*; therefore, the trial court's reliance on *Danielac* for the proposition that normal heterosexual intercourse is not, as a matter of law, grossly indecent was error. Although normal sexual intercourse between a husband and wife is not, in and of itself, grossly indecent, the circumstances surrounding an act of sexual intercourse between a husband and wife must be considered in determining whether, under the circumstances, the act was an act of gross indecency.

3. If the prosecutor's allegations of fact are true, the defendants' conduct would constitute an act of gross indecency under MCL 750.338b; MSA 28.570(2).

Reversed and remanded.

CRIMINAL LAW — GROSS INDECENCY.

> The determination whether an act is an act of gross indecency must be determined case by case; the circumstances surrounding an act are relevant to the determination whether an act is grossly indecent (MCL 750.338b; MSA 28.570[2]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Dennis Hurst*, Prosecuting Attorney, and *Roberta S. Balon*, Chief Appellate Attorney, for the people.

*Joseph S. Filip, P.C.* (by *Joseph S. Filip*), for John R. Jones.

Defense Associates, P.C. (by *W. B. Raymer*), for Shurie D. Jones.

Before: MCDONALD, P.J., and MURPHY and M. F. SAPALA*, JJ.

MURPHY, J. The people appeal by leave granted from the trial court's order quashing the information charging defendants with gross indecency, MCL 750.338b; MSA 28.570(2). We reverse and remand.

I

The prosecution claims that defendants, husband and wife, engaged in sexual intercourse in a public visiting room, which was at full capacity, at the G. Robert Cotton Prison Facility in Jackson. The prosecution asserts that defendants performed this act near a vending machine and that defendants had their three minor children stand behind defendants, facing them, to shield defendants from the view of others in the visiting room. Defendants were charged with gross indecency and, following a preliminary exami-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nation, were bound over for trial on that charge. Defendants moved in the trial court to quash the information, claiming that there was insufficient evidence to support the bindover and that defendants' conduct did not, as a matter of law, violate the gross indecency statute. The trial court ruled, on the basis of *People v Lino*, 447 Mich 567; 527 NW2d 434 (1994), and *People v Danielac*, 38 Mich App 230; 195 NW2d 922 (1972), both of which will be discussed further, that "irrespective of the offensiveness of the defendants' conduct, normal heterosexual intercourse between husband and wife is not proscribed by the gross indecency statute." The trial court entered an order quashing the information and remanding the case to the district court on the reduced charge of indecent exposure, MCL 750.335a; MSA 28.567(1). The prosecution was granted a stay of the district court proceedings and this Court granted the prosecution's application for leave to bring an interlocutory appeal.

The issue we must address is whether, under the circumstances of this case, normal heterosexual intercourse between a husband and wife is grossly indecent under MCL 750.338b; MSA 28.570(2). The trial court's order quashing the gross indecency charge on the legal ground asserted in this case is subject to review for error. See *People v Thomas*, 438 Mich 448, 452; 475 NW2d 288 (1991).

II

MCL 750.338b; MSA 28.570(2) states, in relevant part:

> Any male person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a female person shall be guilty of a felony, punishable

as provided in this section. Any female person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a male person shall be guilty of a felony punishable as provided in this section.

In *People v Carey*, 217 Mich 601; 187 NW 261 (1922), our Supreme Court interpreted the gross indecency statute, 1915 CL 15511, which prohibited acts of gross indecency between males.[1] The information in the case charged the defendant with gross indecency, but did not give the particulars of the alleged act of gross indecency. *Carey, supra* at 601-602. Our Supreme Court held that the information was sufficient because "[t]he gross indecency of the subject forbids" describing the particulars of the act charged. *Id.* at 603. In arriving at its holding, the Court quoted, with approval, *People v Hicks*, 98 Mich 86, 90; 56 NW 1102 (1893), a case dealing with taking indecent liberties with a child, which, in turn, quoted *State v Millard*, 18 Vt 574, 577; 46 Am Dec 170 (1846):

" '[N]o particular definition is given by the statute of what constitutes this crime. The indelicacy of the subject forbids it, and does not require of the court to state what particular conduct will constitute the offense. The common sense of the community, as well as the sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out

---

[1] The statute at issue in *Carey* was the predecessor of, and is nearly identical to, MCL 750.338; MSA 28.570 and provided

[t]hat any male person who in public or private commits or is a party to the commission of or procures or attempts to procure the commission by any male person of any act of gross indecency with another male person shall be deemed guilty of a felony . . . . [*Carey, supra* at 601-602.]

> what particular conduct is rendered criminal by it.' "
> [*Carey, supra* at 602-603.]

In *People v Dexter*, 6 Mich App 247; 148 NW2d 915 (1967), this Court addressed the issue whether the statute regarding gross indecency between males, which at that time was MCL 750.85; MSA 28.280, was unconstitutionally vague because it did not define which acts are grossly indecent. This Court, relying in part on *Hicks* and *Carey*, answered in the negative, holding that the statute was intended to penalize " 'conduct that is of such character that the common sense of society regards it as indecent and improper,' " and that purpose gives sufficient guidance for a determination regarding which acts are in violation of the statute. *Dexter, supra* at 253, quoting *People v Szymanski*, 321 Mich 248, 252; 32 NW2d 451 (1948).

In *People v Howell*, 396 Mich 16; 238 NW2d 148 (1976), Justice LEVIN, authored an opinion that, in section II, rejected *Dexter*. Justice LEVIN asserted that because of the differing attitudes toward sexual conduct, there is no "common sense of society" regarding sexual behavior between consenting adults in private and that using such a test to define the offense of gross indecency "leaves the trier of fact 'free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case.' " *Id.* at 23-24, quoting *Giaccio v Pennsylvania*, 382 US 399, 402-403; 86 S Ct 518; 15 L Ed 2d 447 (1966). Instead, Justice LEVIN advocated a construction of the gross indecency statutes that would "prohibit oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public." *Howell, supra*

at 24. However, section II of *Howell* was joined by only two other justices, *id.* at 29, and therefore was not binding precedent. See *People v Anderson*, 389 Mich 155, 170-171; 205 NW2d 461 (1973).

Because the *Howell* definition was not binding, several panels of this Court continued to follow the *Hicks-Carey-Dexter* "common sense of society" standard. See, e.g., *People v Austin*, 185 Mich App 334; 460 NW2d 607 (1990); *People v Gunnett*, 158 Mich App 420; 404 NW2d 627 (1987). However, other panels of this Court shared Justice LEVIN's opinion that the "common sense of society" standard was outdated and unworkable and chose to follow the *Howell* definition. See, e.g., *People v Lino*, 190 Mich App 715; 476 NW2d 654 (1991), rev'd 447 Mich 567; 527 NW2d 434 (1994); *People v Lynch*, 179 Mich App 63; 445 NW2d 803 (1989); *People v Emmerich*, 175 Mich App 283; 437 NW2d 30 (1989).

This split of authority in this Court led to the convening of a special panel to resolve the conflict. *People v Brashier*, 197 Mich App 672; 496 NW2d 385 (1992). The *Brashier* panel held that "*Carey* established an authoritative interpretation of the meaning of 'gross indecency' " and that other panels of this Court were not free to adopt the definition in section II of *Howell*, a plurality opinion. *Brashier, supra* at 679. Therefore, following the definitive opinion in *Brashier*, it was clear that what constituted an act of gross indecency was to be left to the trier of fact, who applied the "common sense of society" standard. However, the Supreme Court's recent decision in *People v Lino*, 447 Mich 567; 527 NW2d 434 (1994), which consolidated the appeals from the Court of Appeals' decisions in *Lino, supra*, and *Brashier, supra*, has

once again cast a shade of gray over the area of gross indecency.

In the Supreme Court's decision in *Lino*, a majority of the justices held that "[t]o the extent the Court of Appeals in *Brashier* interpreted *People v Carey* to leave to the jury's assessment of the common sense of the community the definition of gross indecency, the Court of Appeals is reversed." *Lino*, 447 Mich 571.[2] However, a majority of the justices could not agree on what standard should be used to determine if an act is grossly indecent. Justice LEVIN wrote separately and opined that the Court should state what is not gross indecency; adults engaging in "oral sex (fellatio, cunnilingus) or anal sex, or manual sex, including masturbation or other manual penetration or arousal, as long as the activity is consensual and in private." *Id.*, 582.[3] Justice BOYLE, with Justice BRICKLEY concurring, wrote that "gross indecency" is a euphemism for oral sexual conduct and the statute should punish only those acts. *Id.* at 606-617. Justice RILEY, with Justice GRIFFIN concurring, dissented from the majority's holding that gross indecency is not defined by the jury's assessment of the "common sense of

---

[2] A majority of the justices also held in *Lino*, 447 Mich 570-571:

(1) MCL 750.338; MSA 28.570, which prohibits acts of gross indecency between males, is not unconstitutionally vague as applied to the defendants' conduct in *Lino* and *Brashier*.

(2) Oral sexual conduct committed in a public place is grossly indecent under MCL 750.338; MSA 28.570.

(3) Procuring or attempting to procure the specific conduct alleged in *Brashier* with a person under the age of consent can support a conviction under MCL 750.338; MSA 28.570.

[3] Along these same lines, Justice Levin also opined that "[a] married man and woman would be subject to prosecution for gross indecency between a male and a female person if they were to engage in 'normal' heterosexual intercourse in public." *Lino*, 447 Mich 581.

society" and advocated the continued use of the *Carey* standard. *Id.* at 617-623. Consequently, *Lino* leaves us with a definitive statement regarding how not to determine whether an act is grossly indecent, but without a definitive statement regarding which acts are grossly indecent.

However, we have been given some guidance regarding what our role should be in such cases. As stated by the Supreme Court in *People v Warren*, 449 Mich 341, 345; 535 NW2d 173 (1995), "[o]ne of the lessons of the *Lino* inquiry is that it is prudent to decide only the case before us, and not attempt to catalog what is permitted and prohibited . . . ." Therefore, we decline to craft judicially an all-encompassing definition of what is, or what is not, grossly indecent. Until the Legislature gives the courts of this state a workable definition of gross indecency, malleable enough to protect, without unlawfully infringing on, the rights of the public, we must decide case by case, as the Supreme Court did in *Lino*, whether an act is grossly indecent. It is with this in mind that we turn to the case at bar.

The trial court quashed the information charging defendants with gross indecency on the ground that normal heterosexual intercourse is not an act of gross indecency. The trial court relied heavily on *Danielac*, *supra* at 232, where this Court held:

Fornication is not the commission of an "act" of gross indecency "with" a person of the opposite sex. The fact that defendant participated in a normal act of sexual intercourse in the presence of other persons does not change the character of the act. The offense is determined by the nature of the act and is not predicated on whether it is in public or in private.

We disagree with the decision in *Danielac*.[4] Another lesson from the Supreme Court's decision in *Lino* is that the circumstances are relevant to a determination whether an act is grossly indecent. In *Lino*, the Supreme Court held that oral sexual conduct *in a public place* is grossly indecent and that procuring or attempting to procure the specific sexual conduct alleged in *Brashier*,[5] *with a person under the age of consent*, is grossly indecent. *Lino*, 447 Mich 570-571. We do not read *Lino* to hold that the acts themselves, i.e., oral sexual conduct and the alleged conduct in *Brashier*, were grossly indecent, but that because of the attending circumstances, the defendants' conduct violated the gross indecency statute.[6] We do not consider the qualifications made in the *Lino* holdings to

---

[4] Previous panels of this Court have also expressed disagreement with *Danielac*'s holding that it is only the act itself that is relevant and not the circumstances surrounding the act. See *People v Trammell*, 171 Mich App 128; 429 NW2d 810 (1988), rev'd 433 Mich 866 (1989); *Gunnett, supra*.

[5] The Supreme Court described Brashier's conduct as follows:

Defendant Brashier would strike up a conversation with the minor victim, eventually asking whether the victim was interested in earning some money by "beatin' up a queer." Defendant Brashier would buy the minor victims lunch and then take them to a hotel room where codefendant Goike was waiting.

With Brashier directing the proceedings, the minors would physically and verbally abuse Goike, while Goike masturbated. The minors would hit Goike with a stick, urinate on him, vomit on him, pour syrup on him, and force him to consume combinations of these materials. All the while, Goike would continue to masturbate, eventually to climax.

For the most part, defendant Brashier's participation was limited to directing the activities. [*Lino*, 447 Mich 573-574.]

[6] Whether the act took place in public or in private appears to have been of particular importance. The Supreme Court made a point to specify that Lino's conduct was grossly indecent when performed in public and that Brashier's conduct, when committed with minors, was grossly indecent regardless of whether performed in public or in private. *Lino*, 447 Mich 570-571.

be irrelevant. We are of the opinion that the circumstances surrounding the acts were necessary to the Court's determination that the defendants were in violation of the gross indecency statute. Therefore, we hold that, in light of the Supreme Court's decision in *Lino*, *Danielac* was wrongly decided, and the trial court's reliance on that case for the proposition that normal heterosexual intercourse is not, as a matter of law, grossly indecent was error.

We obviously agree that, in and of itself, normal sexual intercourse between a husband and wife is not grossly indecent, but, as previously indicated, the act alleged to be grossly indecent can not be looked at in a vacuum or separated from the factual situation in which it took place. In the case at bar, the prosecution alleges that defendants had sexual intercourse in a public visiting room, filled with, presumably, nonconsenting adults and children under the age of consent, with defendants' three minor children standing nearby in an attempt to shield defendants' conduct from others in the visiting room. If the facts as alleged by the prosecution are true, then defendants' conduct would constitute an act of gross indecency under MCL 750.338b; MSA 28.570(2).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.