629 N.W.2d 924 (2001)
465 Mich. 851
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Terry William LINT, Defendant-Appellant.
Docket No. 117788, COA No. 220313.
Supreme Court of Michigan.
July 20, 2001.
On order of the Court, the application for leave to appeal from the September 8, 2000 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court prior to the proceedings ordered by the Court of Appeals and any further subsequent review by the Court of Appeals.
CORRIGAN, C.J. dissents and states as follows:
I would grant leave to appeal to review this Court's legislative act of restricting the gross indecency between males statute, M.C.L. § 750.338, to acts that occur in public places, in direct contradiction of the Legislature's explicit choice to criminalize acts of gross indecency that occur in private. See, e.g., People v. Lino, 447 Mich. 567, 527 N.W.2d 434 (1994); see also People v. Brown (After Remand), 222 Mich. App. 586, 564 N.W.2d 919 (1997); People v. Jones, 222 Mich.App. 595, 563 N.W.2d 719 (1997). The "public place" element has no basis in the text of the statute. Indeed, the statute unambiguously proscribes acts of gross indecency that occur "in public or in private "(emphasis supplied).
In this case, defendant is charged with sexually abusing a mentally retarded man. Expert testimony at defendant's preliminary examination revealed that the thirty-year-old victim has an IQ of 71 and functions cognitively as an eight- to twelve-year-old child. The victim has a legal guardian but enjoys an "independent living arrangement," sharing a residence with defendant's cousin.
While visiting the residence, defendant, a fifty-five-year-old, college-educated man, allegedly touched the victim's clothed penis in the living room; the victim then went alone to the bathroom and closed the door. Defendant followed the victim into the bathroom and manually rubbed the victim's unclothed penis. Defendant then allegedly exposed himself and asked the victim to perform fellatio on him.
The trial court quashed a charge of gross indecency because the alleged acts did not occur in a public place. The Court of Appeals reversed and reinstated the charge.[1] It opined that whether "the act occurred in public is an element of the crime that the trier of fact must resolve at trial." Slip op at 5. It found the record "unclear as to whether the doors to the residence were open so that other individuals were able to enter, or whether the area in which the alleged conduct occurred qualified as a public place, that is, whether there was a possibility that the unsuspecting public could have been exposed to or viewed the sexual conduct." Id.
In my view, the Court of Appeals correctly reinstated the charge under current precedent. Nonetheless, the underlying statute does not require that an act of gross indecency occur in public. Our paramount obligation when interpreting a statute is to honor the intent of the Legislature. We do not venture beyond the statutory text if it is clear and unambiguous; our duty is merely to apply the statute.
*925 Robinson v. Detroit, 462 Mich. 439, 459, 613 N.W.2d 307 (2000). "The text is the law, and it is the text that must be observed." Scalia, A Matter of Interpretation: Federal Courts and the Law (Princeton, N.J.: Princeton Univ. Press, 1997), p. 22.
MCL 750.338 states: "Any male person who, in public or in private, commits or is a party to the commission of or procures or attempts to procure the commission by any male person of any act of gross indecency with another male person shall be guilty of a felony...." (Emphasis supplied.) The Legislature plainly proscribed acts of gross indecency regardless of whether they occur in private or public. A defendant's guilt depends on the nature of his act, not where the act occurred.
Contrary to the plain statutory text, this Court and the Court of Appeals have required proof that the act of gross indecency occurred in public. See, e.g., Lino, Brown, and Jones, supra. In light of these decisions, the standard jury instruction for this crime now includes a "public place" element. See CJI2d 20.31.
These decisions have not only added an element to the statutory text; they have rewritten the text by changing the phrase "in public or private "to state simply "in public"! The elected representatives of the people of Michigan are entitled to choose the appropriate policy in this area.[2] We should grant leave to appeal and hold that the statute means what it plainly states.
In the alternative, I would hold that existing precedent does not require a "public place" instruction on the facts of this case. Lino, held that an act of gross indecency involving minors would support a conviction regardless of whether it occurred in public. A fair reading of Lino is that the "public place" element does not apply in cases involving persons who cannot consent. The victim in this case functions mentally as a child. Thus, I do not believe Lino requires the trial court to include a "public place" element in its instruction to the jury.
MICHAEL F. CAVANAGH, J., would grant leave to appeal.
MARILYN J. KELLY, J. dissents and states as follows:
I would grant leave to appeal. This case is jurisprudentially significant in several respects. First, it presents the issue how Michigan's gross indecency between males statute should be interpreted.[1] In addition, the resolution of that issue undoubtedly has significant constitutional implications. These matters, combined with the unsettled state of the law in this area, persuade me that the case warrants our consideration. Accordingly, I dissent from the Court's decision to deny leave.
NOTES
[1] Unpublished opinion per curiam, issued September 8, 2000 (Docket No. 220313).
[2] Bowers v. Hardwick, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986), upheld a Georgia statute that criminalized sodomy. The Supreme Court held that the federal constitutiondoes not confer a fundamental right to engage a in sodomy. In light of Bowers, the constitutionality of Michigan's gross indecency statute cannot seriously be questioned, particularly as applied to the sordid facts of this case involving the alleged sexual abuse of a mentally retarded man.
[1] MCL 750.338 states:

Any male person who, in public or in private, commits or is a party to the commission of or procures or attempts to procure the commission by any male person of any act of gross indecency with another male person shall be guilty of a felony....