PEOPLE v DRAKE

Docket No. 224398. Submitted May 8, 2001, at Lansing. Decided July 6, 2001, at 9:10 A.M.

Chips Drake was charged in the 54-A District Court with three counts of gross indecency as the result of his activities with several minor girls. The defendant invited the girls to participate in a "contest" with a promised cash prize. He awarded them contest points for various activities, including beating him, spitting on him and his food, and providing him with urine, feces, and used tampons, which he would eat. The girls were given money, cigarettes, and alcohol. The girls and the defendant remained fully clothed, the girls never saw the defendant "sexually gratify" himself, and the parties did not engage in any overt sexual touching or contact. The defendant told one of the girls that he got high from the activities and he liked it. The court, James J. Wood, J., refused to bind the defendant over for trial. The prosecution appealed, and the Ingham Circuit Court, Lawrence M. Glazer, J., affirmed the district court's refusal to bind the defendant over for trial, finding that there must be an overt sexual act and that the procurement of degradation for the alleged purpose of sexual gratification or arousal does not constitute gross indecency. The prosecution appealed by leave granted.

The Court of Appeals *held*:

In order to constitute grossly indecent behavior, the acts must be overt in the sense that they are open and perceivable. The operative principle is that the activity be sexual in nature. Behavior can be considered sexual activity within the context of the gross indecency statute even if it does not involve sexual intercourse, oral sexual stimulation, masturbation, or the touching of another person's genitals or anus. The motivation for the behavior can be inferred from the totality of the circumstances. The evidence here was sufficient to support a bindover. The circuit court's order affirming the district court's refusal to bind over the defendant must be reversed and the matter must be remanded to the circuit court for further proceedings.

Reversed and remanded.

CRIMINAL LAW — GROSS INDECENCY — WORDS AND PHRASES — SEXUAL ACTIVITY.
Behavior can be considered sexual activity within the context of the gross indecency statute even if it does not involve sexual intercourse, oral sexual stimulation, masturbation, or the touching of another person's genitals or anus; acts must be overt in the sense that they are open and perceivable in order to constitute grossly indecent behavior, the operative principle is whether the activity is sexual in nature, and the motivation for the behavior can be inferred from the totality of the circumstances (MCL 750.338b).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Stuart J. Dunnings, III*, Prosecuting Attorney, *Guy Sweet*, Chief Appellate Attorney, and *Linda A. Maloney*, Assistant Prosecuting Attorney, for the people.

*Todd M. Robinson*, for the defendant.

Before: HOLBROOK, JR., P.J., and HOOD and GRIFFIN, JJ.

HOLBROOK, JR., P.J. The prosecution appeals by leave granted a circuit court order affirming the district court's refusal to bind over defendant for trial on three counts of gross indecency, MCL 750.338b. We reverse and remand.

Defendant allegedly invited several minor girls to participate in a "contest" that had a promised $5,000 prize. Three of the girls testified at the preliminary hearing that defendant would award them points for various activities, including beating him, spitting on him and his food, and providing him with urine, feces, and used tampons. There was testimony that defendant would eat the urine and feces, and that three or four girls would collectively beat him. The girls stated that they were also given money, cigarettes, and alcohol for engaging in these behaviors. The girls testified

that both they and defendant remained fully clothed during these activities. One girl testified that defendant told her he "got high off from [these activities], and he liked it." There was also testimony that the girls never saw defendant "sexually gratify" himself, nor did he engage in any overt sexual touching or contact with the girls.[1]

After reviewing *People v Lino*, 447 Mich 567; 527 NW2d 434 (1994),[2] the circuit court determined that "a majority of the Supreme Court concludes that there must be an overt sexual act when we are talking about conduct in private between an adult defendant and minors, and the procurement of degradation for the alleged purpose of sexual gratification or arousal would not be enough . . . ."

"A magistrate's ruling that alleged conduct falls within the scope of a criminal statute is a question of law reviewed for error, and a decision to bind over a defendant is reviewed for abuse of discretion." *People v Orzame*, 224 Mich App 551, 557; 570 NW2d 118 (1997). A circuit court reviews a district court's decision whether to bind over a defendant for an abuse of discretion. *Id.* "[A] circuit court must consider the entire record of the preliminary examination, and it

_____

[1] It is clear to us from the transcript that when questioned regarding whether defendant "sexually gratified" himself, the phrase, "sexually gratified," was a euphemism for masturbation. Also, it seems clear from the context that the questions posed on overt sexual touching were understood to be addressing whether there had been any sexual touching of genitalia, the anus, or any other more common sexual contact of which a minor child might have knowledge.

[2] The circuit court focused on that portion of the consolidated cases in *Lino* addressing this Court's opinion in *People v Brashier*, 197 Mich App 672; 496 NW2d 385 (1992), aff'd in part and rev'd in part in *Lino, supra*.

may not substitute its judgment for that of the magistrate. . . . Similarly, this Court reviews the circuit court's decision de novo to determine whether the district court abused its discretion." *Id.* Hence, on appeal we review for an abuse of discretion the district court's original decision on the motion to bind over defendant.

To bind over a defendant to the circuit court for trial, the magistrate must determine that sufficient evidence was adduced to establish both "that a felony has been committed and there is probable cause for charging the defendant therewith . . . ." MCL 766.13. The prosecution need not establish guilt beyond a reasonable doubt at the preliminary examination. *People v Hill*, 433 Mich 464, 469; 446 NW2d 140 (1989); *People v Fiedler*, 194 Mich App 682, 693; 487 NW2d 831 (1992). "A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial." *Barber v Page*, 390 US 719, 725; 88 S Ct 1318; 20 L Ed 2d 255 (1968). "However, evidence regarding each element of the crime or evidence from which the elements may be inferred must exist. When the evidence conflicts or raises a reasonable doubt concerning guilt, there are questions for the trier of fact, and the defendant should be bound over." *People v Carlin (On Remand)*, 239 Mich App 49, 64; 607 NW2d 733 (1999). Accord *Hill, supra* at 469.

MCL 750.338b provides that "[a]ny male person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a female person shall be guilty of a felony . . . ." The

statute does not define the term "gross indecency." While *Lino* provides a "definitive statement regarding how not to determine whether an act is grossly indecent, [it does not provide] a definitive statement regarding which acts are grossly indecent." *People v Jones*, 222 Mich App 595, 602; 563 NW2d 719 (1997).

In the absence of a clear definition by the Legislature of the term "gross indecency," we turn to the longstanding body of Michigan case law addressing the subject. This case law establishes that the crime of gross indecency consists of behavior that involves some type of overt sexual activity. See, e.g., *Lino*, *supra* at 578; *People v Hack*, 219 Mich App 299, 307; 556 NW2d 187 (1996). However, no judicial definition has been set down defining what does and what does not constitute a sexual act. The case law we have found all involve either sexual intercourse, oral sexual stimulation, masturbation, or the touching of another person's genitals or anus. Defendant argues that such an overt sexual act is thus required to sustain a charge of gross indecency. We disagree.

Attending to our Supreme Court's admonition that "[o]ne of the lessons of the *Lino* inquiry is that it is prudent to decide only the case before us," *People v Warren*, 449 Mich 341, 345; 535 NW2d 173 (1995), the *Jones* Court "decline[d] to craft judicially an all-encompassing definition of what is, or what is not, grossly indecent." *Jones*, *supra* at 602. We agree that in the absence of any dispositive legislative guidance, this Court should refrain from trying to craft a judicial definition, given the extreme difficulty involved in detailing all the acts that could constitute grossly indecent behavior. Therefore, "[u]ntil the Legislature gives the courts of this state a workable definition of

gross indecency, malleable enough to protect, without unlawfully infringing on, the rights of the public, we must decide case by case, as the Supreme Court did in *Lino*, whether an act is grossly indecent." *Id.* at 602.

Accordingly, while mindful of past appellate cases, we do not believe that this body of law definitively establishes the boundaries of "grossly indecent" behavior. In other words, even though the cases so far have all included overt sexual touching or contact of the type identified, this does not mean that only such overt acts constitute grossly indecent behavior. Instead, the operative principle is that the activity be sexual in nature.

We believe that behavior can be considered sexual activity within the context of the gross indecency statute even if it does not involve sexual intercourse, oral sexual stimulation, masturbation, or the touching of another person's genitals or anus. Experience has shown that people can derive sexual gratification from a variety of acts, without ever engaging in any of the mentioned activities. For example, an individual might be sexually aroused or gratified by sexual masochistic behaviors, such as being humiliated and beaten. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* (DSM-IV) (Washington, DC, 1994), p 529.

In order to constitute grossly indecent behavior, the acts must be overt in the sense that they are open and perceivable. The motivation for the behavior can be inferred from the totality of the circumstances and should be considered case by case. *Jones, supra* at 602. Clearly, it is easier to establish the sexual moti-

vation for the behavior if the act in issue involves sexual intercourse, oral sexual stimulation, masturbation, or the touching of another person's genitals or anus. Nonetheless, the sexual nature of the activity can be inferred even in the absence of such behavior.

After reviewing the evidence presented at the preliminary hearing, we conclude the district court abused its discretion in failing to bind over defendant on three counts of gross indecency. The evidence showed that from June 1998 to December 1998, defendant paid several minor females to engage in the behavior previously described. The three girls who testified at the preliminary hearing indicated that they had been approached by defendant and asked to participate in a "contest," for which they would earn points for engaging in these behaviors. Usually, these activities took place inside defendant's home. The evidence shows that there were numerous instances of such contact. One girl testified that she was at defendant's house between thirty and forty times during those approximately seven months. The other two testified that they were at the house somewhere between ten and twenty times. There was also testimony that defendant "got high" from this contact, and that he "liked it." While not necessarily constituting proof beyond a reasonable doubt, we do believe that this evidence and the reasonable inferences drawn therefrom are " 'sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief' " that the crime of gross indecency was committed and that there was probable cause to believe defendant committed it. *People v Justice (After Remand)*, 454 Mich 334, 344; 562 NW2d

652 (1997), quoting *Coleman v Burnett,* 155 US App DC 302, 317; 477 F2d 1187 (1973).

Reversed and remanded to the circuit court for further proceedings consistent with this case. We do not retain jurisdiction.